THE PEOPLE *ex rel.* W. H. Trobaugh, County Collector,

*v.*

J. C. GLENN *et al.*

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. DRAINAGE—*power of drainage commissioners to impose a tax is limited.* The power of drainage commissioners to impose a tax is a limited one and must be strictly construed.

2. SAME—*when certificate of drainage commissioners is insufficient.* A certificate of the commissioners of a special drainage district is insufficient which specifies the amount desired to be raised by taxation in a gross sum, instead of stating the several amounts required to be raised for the various purposes specified in section 70 of the Drainage act of 1885. (Laws of 1885, p. 104.)

3. SAME—*a certificate of drainage commissioners cannot be amended.* Since the authority of the county clerk to extend a local drainage tax is the certificate of the drainage commissioners, defects in such certificate which render the tax invalid cannot be cured, on application for sale, by introducing the drainage record, the report of the commissioners and parol evidence.

4. TAXES—*provisions of statute designed to protect the tax-payer are mandatory.* Provisions of a statute designed for the protection of tax-payers are mandatory, and a disregard of them renders the tax illegal.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

This is an application by the county collector of Jackson county, in the county court of said county, for a judgment of sale against certain lands of the appellees for a drainage tax extended against said lands by the county clerk by virtue of a certificate of levy of the

commissioners of the Big Lake special drainage district. The appellees appeared and filed objections, which were sustained and judgment was refused, and an appeal has been prosecuted to this court.

The certificate of the commissioners is in the following form:

"*To D. L. Boucher, County Clerk:*

"We, the commissioners of the Big Lake special drainage district, in the county of Jackson and State of Illinois, make and file with you, pursuant to the provisions and requirements of section 70 of the act of the General Assembly of this State approved June 27, A. D. 1885, in force July 1, A. D. 1885, entitled 'An act to provide for drainage for agricultural and sanitary purposes and to repeal certain acts therein named,' and of the various acts amendatory of and supplementary to said act, the following statement: That during the fiscal year of the said drainage district ending on the 31st day of October, A. D. 1902, no notes, bonds or other evidences of indebtedness of or against the said drainage district were made or issued by the commissioners thereof. We further state and certify to you that we shall require during the fiscal year of the said drainage district ending the 31st day of October, A. D. 1903, for the payment of interest and principal maturing on certificates and other evidences of indebtedness not registered, for costs and expenses of carrying on the work of dredging and repairs of drains and ditches, and for ordinary and contingent expenses, including costs of collection and disbursement, the sum of four thousand dollars ($4000.00), to be levied upon the lands and property, including railroad, within and of the said drainage district benefited, which sum you are directed and required to apportion to and among the various tracts of land and property, including railroad, as other drainage assessments and taxes, in addition to such sums or sum as may have been or may be certified to you by the Auditor of Public Accounts, pursuant to law, for payment of interest, or interest and principal, upon the registered indebtedness of the·district.

"Dated, November 21, A. D. 1902.

H. L. BRICKEY,
HENRY ARBEITER,
WM. WALTHER,
*Commissioners.*

Filed Nov. 21, 1902.—D. L. BOUCHER, *County Clerk.*"

The section of the statute authorizing the certificate to be made and the tax to be extended reads as follows: "It shall be the duty of the commissioners of every special drainage district heretofore organized under any law of this State, as also the commissioners of every such district hereafter organized, to file on or before the first day of December of each year, with the county clerk of the county in which the district was or may be organized, a statement of the date, number and amount of all notes or bonds issued by them as such commissioners, and which remain unpaid, the time the same will mature, the rate of interest such notes or bonds bear and the time the interest falls due, the amount necessary to be levied on the lands assessed for benefits in order to meet the payment of the interest for the ensuing year; also the amount, if any, necessary to be levied to keep the work, or any part thereof, in repair for the year next ensuing; also the amount of any deficiency in the payment of interest before accrued, or in the payment for repairs made; and the clerk shall compute the *pro rata* share which each tract or parcel of land or property in said district, assessed for benefits, will have to pay to raise said respective amounts, which *pro rata* share shall be in the same proportion as the assessment for the construction of said work, and it shall be the duty of the county clerk of the county in which the lands are located to extend the same on the collector's book, the same as State, county, municipal or other taxes are extended, in appropriate column or columns, and in case the lands or property assessed lie in more than one county, the county clerk of the county in which the district is organized shall certify to the clerk, or clerks, of such other county or counties, a description of the lands or property assessed in such other county, and the amount to be extended against the same for interest, as also for repairs, either or both, and on receiving such certificate the clerk of the proper county shall extend the same on the proper collector's book, in

proper columns, the same as though the whole proceed-ings and district were in his county. And the amounts so extended shall be collected at the same time and in the same manner as other taxes on like property, and shall be paid over by the party collecting, to the treas-urer of the drainage district, in the same time and man-ner as taxes collected are required to be paid to treasurers of municipal corporations. No levy or assessment made by the commissioners to meet the payment of interest on the notes or bonds of the district unpaid shall be used for any other purpose, but shall be faithfully applied to the payment of such interest as it becomes due: *Provided,* where the whole or any part of the bonds of the district are registered, and the Auditor of Public Accounts has levied, as hereinbefore provided, an amount sufficient to meet the payment of the interest on such registered bonds as it becomes due, then the commissioners shall make their levy so as to meet the payment of the interest on the bonds that are not registered." (2 Starr & Cur. Stat. chap. 42, sec. 70, p. 1567.)

JOHN VENABLE, State's Attorney, (R. J. STEPHENS, of counsel,) for appellant.

OTIS F. GLENN, and JAMES H. MARTIN, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is too plain to admit of argument to the contrary that the certificate of the commissioners does not con-form to the requirements of the statute. The statute re-quires the certificate to state (1) the date, number and amount of all notes or bonds issued by the commission-ers which remain unpaid, the time of their maturity, the rate of interest they bear and the time when the interest falls due; (2) the amount necessary to be levied on the lands assessed for benefits in order to meet the pay-ment of the interest for the ensuing year; (3) the amount,

if any, necessary to be levied to keep the work, or any part thereof, in repair for the next ensuing year; and (4) the amount of any deficiency in the payment of interest before accrued or in the payment for repairs made. This the certificate failed to do, and the amount proposed to be raised is named in a gross sum, to-wit, the sum of $4000. The power of the commissioners to impose a tax is a limited power and is to be strictly construed. (*Commissioners of Highways* v. *Newell*, 80 Ill. 587.) The statute clearly contemplates that the several amounts to be levied for interest, repairs, or to meet a deficiency for accrued interest or for repairs already made, should be stated. The provisions of the statute are intended for the protection of the tax-payer, and are mandatory. The tax-payer has the right to be informed for what purposes his property is to be taxed, and the statute provides that the amount collected with which to pay interest shall be kept separate from the balance of the tax levied and collected under said section of the statute.

The appellant, on the trial, appears to have conceded the certificate was insufficient, and, although no motion was made to amend the certificate, it was in the county court sought to remedy its defects by introducing the drainage record, the report of the commissioners as approved ·by the county judge, and parol evidence. The defects in the certificate could not be thus cured. The authority of the county clerk to extend said drainage tax is the certificate of the commissioners, and unless a valid certificate is on file in his office he is powerless to extend the tax. *Peoria, Decatur and Evansville Railway Co.* v. *People*, 141 Ill. 483.

It is, however, urged, that the objections made to the extension and collection of this tax do not affect the substantial justice of the tax, and that the defects'pointed out in the certificate are cured by section 191 of the Revenue act. We held in *Chicago and Eastern Illinois Railroad Co.* v. *People*, 200 Ill. 237, that the provisions of a statute de-

signed for the protection of the tax-payer are mandatory and a disregard of them will render a tax illegal, and that the substantial justice of a tax is affected if the authorities authorized to impose it have no power to levy it.

From an examination of this record it clearly appears that the certificate of the commissioners was not sufficient to authorize the county clerk to extend said tax, and that the county court properly refused to order the sale of appellees' land to pay said tax. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*