## C. A. HEPLER et al.

### v.

## THE PEOPLE ex rel. Leonard Wetz et al.

*Opinion filed February 21, 1907—Rehearing denied April 11, 1907.*

1. PLEADING—*material facts set out in a plea and not specially traversed by replication are admitted.* All material facts set up in a plea to an information in *quo warranto* and not specially traversed by the replications, filed after a demurrer to the plea was overruled, are admitted, and no proof in support of such undenied averments is necessary.

2. DRAINAGE—*drainage clerk not required to make the entries in drainage record in his own hand.* The statute requiring the clerk of the drainage commissioners to record the proceedings in the "drainage record" does not require the clerk to make the entries in his own hand, and it is sufficient if he makes pencil notes of the proceedings, which are put in typewritten form by the attorney for the drainage district and signed by the clerk and pasted in the "drainage record," provided such typewritten pages in fact constitute a true record of the proceedings.

3. SAME—*error in certificate of clerk as to posting notices may be corrected.* An error in the certificate of the clerk of a drainage district as to the date when he posted the notices of the meeting of the commissioners may be corrected to conform to the actual facts, so as to make the record speak the truth.

4. QUO WARRANTO—*when quo warranto is not a proper remedy.* Alleged irregularities in the manner in which the clerk of the drainage commissioners is keeping the drainage record, which, on its face, purports to show a full compliance with the statute relating to the organization of the district, are not ground for an information in the nature of *quo warranto* to oust the drainage commissioners from office and subject them to a fine for alleged usurpation.

5. APPEALS AND ERRORS—*one cannot object to absence of proof which he has prevented being made.* One who objects to the introduction, in a *quo warranto* proceeding, of evidence designed to show where the clerk of the drainage commissioners posted notices, can not object, on appeal, that there is no evidence to show the notices were posted "in or near" the drainage district.

APPEAL, from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

This is an information in the nature of *quo warranto* commenced by the State's attorney of Livingston county, on the relation of Leonard Wetz and Frank Reed, against C. A. Hepler and George Brown, of Reading township, in Livingston county, and Patrick Healey, of Osage township, in LaSalle county, charging that the defendants are unlawfully acting as drainage commissioners of an alleged drainage district known as Union District No. 1, and are assuming to exercise corporate powers in the name of said drainage district. The information charged that the district had not been legally organized. Defendants filed a plea to the information, to which a demurrer was sustained, and thereupon filed an amended plea, which recited all the steps that had been taken in the organization of the district, setting out in detail copies of all the various papers filed and orders entered, which upon their face show a compliance with every requirement of the statute in relation to the formation of a union drainage district. A demurrer was overruled to the amended plea and plaintiffs filed four special replications. A demurrer was sustained to the second and overruled as to the first, third and fourth. Plaintiffs subsequently filed three additional replications, designated as second, third and fourth additional replications. A demurrer was sustained to the third and fourth additional replications and overruled as to the second. The replications on which issue was joined and upon which the trial was had are as follows:

1. "The said plaintiffs, as to all of the pleas filed herein, say that the said commissioners did not, on the 26th day of August, 1904, find the matters and things as in said plea alleged, and did not then and there reduce their findings to writing and file the same with the clerk to be filed with the papers in the case; and of this the said plaintiffs put themselves upon the country."

3. "The said plaintiffs, further replying to said plea of the defendants filed herein, say that at the meeting of the said commissioners on September 13, 1904, the said com-

missioners did not make the findings as alleged in said plea, and did not then and there put said findings in writing and sign the same and there file the same with the said clerk, and the said clerk did not then and there enter the same upon the records; and of this the plaintiffs put themselves upon the country."

4. "And the said plaintiffs, as to the pleas of the defendants filed herein, say that the said Joseph Bradley, as clerk of said commissioners, did not, in fact, keep a drainage record, as is required of him by law; that the book which is claimed to be a drainage record of the said alleged Union Drainage District No. 1 of Reading township, Livingston county, Illinois, and Osage township, LaSalle county, Illinois, was not and never has been in the custody of said clerk, Joseph Bradley, at the time the said district is claimed to have been organized by said commissioners; that a majority of the entries made in said book were not made by said clerk; that the said record is not a true record of the orders and findings of the commissioners made by the clerk and entered by him, as is required by law, but that it is a fraudulent one, made up and prepared by the attorney for said commissioners or by some other person under the instruction of said attorney; that said book was not in the custody of said clerk, and never has been until long after the time when the said drainage district is claimed to have been organized; that the alleged orders and findings of the commissioners were made up of typewritten sheets and pasted in said book before the said book came into the hands of said clerk; that some of the entries in said book have been changed and altered since the commencement of this suit, so that the same does not appear now as it did when this proceeding was begun, without this: that the clerk did not, as alleged in said plea, enter at length all of the orders and findings of said commissioners in a well-bound book kept by him and known as the drainage record; all of which said plaintiffs are ready to verify and wherefore they pray judgment."

Second additional plea: "The plaintiff herein, by leave of court first obtained, for further and additional replication to the plea of the defendants herein, say that Joseph Bradley, the alleged clerk, did not, on August 18, 1904, post type-written notices in three public places in said alleged pro-posed drainage district, stating that a meeting would be held in his office in Ancona, in said Reading township, on the 26th day of August, A. D. 1904, at one o'clock P. M., for the purpose of considering said petition and the organization of said drainage district, and did not on the same date file a copy thereof in his office as in said plea alleged; and of this the said plaintiffs put themselves upon the country."

A jury was empaneled to try these issues, and at the close of defendants' evidence the court directed a verdict of guilty, upon which judgment of ouster was rendered and a nominal fine assessed against the defendants, from which defendants have prosecuted this appeal for the purpose of securing a reversal of said judgment.

PAUL R. CHUBBUCK, and A. C. NORTON, for appellants.

A. C. BALL, State's Attorney, GUY L. LOUDERBACK, U. W. LOUDERBACK, and R. S. McILDUFF, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellees having filed replications to the amended plea after a demurrer thereto had been overruled, the sufficiency of the plea stands admitted upon the record. (*Peck* v. *Boggess,* 1 Scam. 281; *People ex rel.* v. *Gary,* 196 Ill. 310.) None of the replications purported to reply to all the facts set up in the plea, nor do all of the replications, when considered together, put in issue every material fact set up in the plea. All material facts set out in the plea and not specifically traversed by the replications, or some one of them, are admitted, and appellants were not required to offer proof

in support of such undenied averments.  *Launtz* v. *People,*
113 Ill. 137.

The questions arising on the record require a considera-
tion of the rulings of the trial court in sustaining objections
to defendants' evidence and in directing a verdict of guilty.

Appellants introduced the clerk of Reading township to
identify the book of records of the drainage district, and
then offered the book itself.  The book was objected to and
a large number of special objections pointed out.  The objec-
tions were in the main sustained, and this ruling is assigned
as error.  It will not be necessary to examine these objections
in detail.  Many of them were frivolous and all of them were
more technical than substantial.

It appears from the evidence of the clerk and an exam-
ination of the original book, which has been certified to this
court for inspection, that the method pursued in keeping the
book of records was to make pencil notes of the proceedings
of the board at the time a meeting was being held, and after-
wards these original notes were turned over to the attorney
for the drainage district, who wrote out the formal orders
and proceedings on a typewriter, on legal-cap paper, and
that these typewritten copies were pasted in the record book
after being signed by the clerk.  The clerk testified that he
personally pasted the sheets in the book or was present and
assisted the attorney in doing so, and that the attorney did
nothing in connection with the making up or keeping of the
record except at the request of the clerk.  It is strenuously
contended by appellees that this method of keeping the rec-
ord is not a compliance with the statute, and the court below
sustained this contention.  In this the trial court erred.  It
is true, the statute provides that the clerk of the town shall
be the clerk of the drainage commissioners of his town, and
that he shall be the custodian of all papers and records per-
taining to drainage matters in his town, and shall keep a
well-bound book, to be known as the "Drainage record," in
which he shall record the proceedings of the commissioners

and enter at length therein all the orders and findings of the commissioners pertaining to the subject of drainage. (2 Starr & Cur. Stat. sec. 2, p. 1537.) We are not prepared to say that there is any language in this statute that implies that the clerk must *with his own hand* write out the findings and orders of the commissioners on this record. The essential thing is, that a record shall be kept by the clerk which will show accurately what findings and orders were made.

We are constrained to believe that appellees have misconceived the scope of the remedy here invoked. This information is not a writ of error sued out to the drainage commissioners to purge their records of mere mistakes and errors. It is a high prerogative writ, and theoretically, at least, issues from the sovereign to the defendants, calling on them to show by what right they assume to exercise the powers and franchises which can only proceed from the sovereign. If the power exists and is being exercised within legal limitations this must satisfy the State. If in the execution of powers granted errors are committed, the law affords a remedy to a party who is injured thereby. In such case the law interposes to redress a private right or correct a private wrong, whereas in *quo warranto* the State or public intervenes to inquire whether the person or body assuming to exercise powers and franchises derived from the sovereign in fact has such powers, or, having had such powers, whether the State has the right to declare them forfeited for non-user or mis-user or other illegal or *ultra vires* conduct amounting to a serious violation of the implied condition upon which such power was granted. The power to exercise an office or a franchise may exist yet in the exercise of the powers errors of judgment and mistakes may be made, but this will not ordinarily justify a judgment of ouster and a total denial of the right to act at all. If this rule prevailed it would be destructive of the ends of government in creating all corporations, public and private, and would compel all judicial and *quasi* judicial officers to surrender their official author-

ity unless they were able to exercise their functions without committing error. It is not mere errors or irregularities with which this proceeding is concerned. It is matters of substance, rather than form, which must govern the decision, except wherein the law has made a mandatory requirement as to some particular form. Whether the "drainage record" is written in longhand, printed or typewritten, so long as it is there in a permanent, readable form, cannot make the slightest difference in its adaptability to serve the purpose contemplated by the legislature in requiring such record to be kept.

We have been favored with an argument to show the danger of sheets of paper merely pasted in with mucilage becoming detached with moisture, and the facility with which one sheet might be detached and another pasted in its place containing different matter. All this is well enough as a matter of academic discussion, but it fails to show any reason for a judgment of ouster against defendants. The destruction of a part, or even all, of the records of a corporation by accident could have no effect on the legal existence of the body, and the fact that the defendants may have selected a book the material and binding of which or the character of entries made therein were less likely to withstand the ravages of the elements than some other that might have been selected, is only an exhibition of a slight delinquency in judgment in a matter about which they must be held to have a wide discretion, which this court will not review.

Another objection pointed out specifically to the record relates to the date when the clerk certified that notices were posted. As originally written up, the certificate of the clerk stated erroneously that he posted the notices on the 19th day of August, 1904. The true date when he posted the notices was the 18th day of August. When the mistake was discovered the clerk corrected the certificate to make it conform to the facts. This, it is insisted, affords a reason for rejecting the record of the certificate. In this we cannot concur. The

clerk had the right, and it was his duty, to correct the record to make it speak the truth. But aside from this, the certificate of the clerk is not the only evidence that the court could hear on the question as to when and where the notices were posted. It seems to be assumed in the argument that the certificate of the clerk as to the date of posting is the only proof that could be heard on these questions and that such certificate could not be amended. The statute does not require the making of such certificate, and in the absence of such requirement it may well be doubted whether it would be proper evidence of the posting if objected to for that reason. But however this may be, if the clerk had the power to make the certificate in the first place, and he inadvertently wrote the 19th when he should have written the 18th, he had the right to correct it. Here, as elsewhere in the proceeding, substance should not be sacrificed to a shadowy form. The essence of the inquiry was, were the notices posted for the time required by and in substantial compliance with the statute? The uncontradicted evidence shows, outside of the entry in the record, that the notices were posted on the 18th of August and that the meeting in pursuance thereof was held on the 26th of August, which is within the requirements of the statute.

Appellants offered to prove by the clerk where he posted the notices, but upon objection this evidence was kept out. Appellees cannot be heard to say that the evidence failed to show that the notices were posted "in or near" the drainage district, since by the objections made appellants were not permitted to make this proof.

Numerous other objections were made to the record, all of which are equally as unsubstantial and wanting in merit as those discussed.

The plea of the defendants showed a clear right and title in defendants to exercise the office of drainage commissioners and that the district was properly organized under the statute, and the record offered in evidence, which, as we

have seen, was kept in substantial compliance with the statute, was competent as tending to prove the material averments of the plea that were in issue. The trial court therefore erred in excluding this record and in directing a verdict of guilty, for which the judgment below must be reversed and the cause remanded.                    *Reversed and remanded.*