The People *ex rel.* Henry L. Arnold, County Collector, Defendant in Error, *vs.* Levi Carr *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1907.*

1. DRAINAGE—*drainage records are the only lawful evidence of acts required to be recorded.* Where the law requires records of proceedings to be kept by drainage commissioners, such records are the only lawful evidence of the proceedings to which they refer, and cannot be contradicted, added to or supplemented by parol.

2. SAME—*what essential to legality of special assessment under Farm Drainage act.* To make a legal special assessment under section 26 of the Farm Drainage act, there must not only be a legal meeting of the drainage commissioners held but the record thereof must be kept by the clerk in his book of records, although it is not essential that he write out the proceedings in his own hand.

3. SAME—*a meeting of drainage commissioners must be within district—notice.* A meeting of drainage commissioners to levy a special assessment under section 26 of the Farm Drainage act must be held within the boundaries of such district, and due notice must be given to all the commissioners and the clerk to give them an opportunity to attend, but after such notice a majority of the commissioners may hold a legal meeting.

4. SAME—*when drainage assessment must be held void.* Since the amendment of the Farm Drainage act of 1901 by striking out the provision for an appeal to the county court from an assessment levied under section 26 of that act, the first opportunity which a

property owner has to be heard is upon application for judgment and order of sale, and hence, in the absence of affirmative proof showing strict compliance with the statute, the assessment will be held void.

5. SAME—*the Revenue law does not authorize court to levy tax.* The provisions of the Revenue act allowing irregularities, informalities or omissions not affecting the substantial justice of a tax to be corrected or supplied upon application for judgment and order of sale are liberal, but they do not authorize the court to levy a tax where none has been levied by the proper officers.

WRIT OF ERROR to the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

L. W. BREWER, and LESTER H. STRAWN, for plaintiffs in error:

The town clerk shall be the clerk of the drainage commissioners of his town. He shall be the custodian of all papers and records pertaining to drainage matters in his town, and shall keep in a well bound book, to be known as "the drainage record," a record of the proceedings of the commissioners, and shall enter.at length therein all the findings and orders of the commissioners pertaining to the subject of drainage. Hurd's Stat. 1905, chap. 42, par. 76.

Where the law requires records of proceedings to be kept, they are the only lawful evidence of the action taken by corporate bodies. Such records are the best evidence, and if in existence and capable of being produced, the only evidence, of such action. They cannot be contradicted, aided or supplemented by parol evidence.

The special assessment roll or tax list must be filed with the town clerk, and this is a step necessary to the levy of the tax. Hurd's Stat. chap. 42, par. 100; *Holland* v. *People,* 189 Ill. 348; *Jeffris* v. *Cash,* 207 id. 405; *Alton* v. *Middleton's Heirs,* 158 id. 442.

A tax list that is not on file or is lost will not support an application for judgment for sale for a delinquent assessment. *Morrison* v. *Chicago,* 142 Ill. 660.

The county court had no power to amend the record of the drainage district, so as to make a valid levy, when the district had not done so. *Holland* v. *People*, 189 Ill. 348; *Hinkle* v. *Mattoon*, 170 id. 316.

J. J. CONWAY, B. F. LINCOLN, and BUTTERS, ARMSTRONG & FERGUSON, for defendant in error:

Where an officer is fully invested with power to make an assessment of property for taxation, and exercises such power, the assessment will be presumed to be valid until it is shown to be void. *Munson* v. *Miller*, 66 Ill. 380; *Coal Co.* v. *Baker*, 135 id. 545; *Mix* v. *People*, 81 id. 118; *People* v. *Railroad Co.* 140 id. 210; *Railway Co.* v. *People*, 183 id. 196.

Section 191 of the Revenue act provides that no tax or assessment shall be defeated by reason of irregularities or informalities in the proceedings of any officer connected with the assessment, levying or collecting of the same, where such irregularities or informalities do not affect the substantial justice of the tax itself. *Carr* v. *People*, 224 Ill. 160.

The objection by one property owner that other property was not assessed will not defeat his tax or assessment. *Dunham* v. *Chicago*, 55 Ill. 357; *Spencer* v. *People*, 68 id. 510; Levee act, sec. 60.

The classification roll, under the Farm Drainage act, performs the same office under that act that the assessment roll does in the Local Improvement act. By virtue of the statute (section 191 of Revenue law) the assessment roll in the Farm Drainage act may be amended, and irregularities appearing upon its face, or in the proceedings in relation thereto, or by reason of the time the same is filed, are not such as will defeat the assessment. In other words, the assessment roll is not one of the jurisdictional features of the act. *Carr* v. *People*, 224 Ill. 160.

The filing of the new assessment roll cured any defect in the assessment, if any there was. *Railway Co.* v. *People*,

183 Ill. 247; *Schmohl* v. *Williams*, 215 id. 63; Revenue act, sec. 191.

It is a mere irregularity that some of the meetings of the commissioners were not held in the district but were held at their attorney's office in the city of Ottawa.

It is immaterial, or, at most, a mere irregularity, that one of the commissioners failed to attend or to participate in the deliberations of the commissioners at certain of their meetings.

The failure of the town clerk or clerk of the district to keep the records or minutes of the meetings of the commissioners, where no damage or injury is shown to have resulted, cannot be availed of to defeat an assessment. *Scott* v. *People*, 120 Ill. 129.

Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons. Rev. Stat. chap. 131, sec. 1, clause 9; *Hinkle* v. *Mattoon*, 170 Ill. 316; *Dennis* v. *Maynard*, 15 id. 477; *Trustees* v. *Allen*, 21 id. 120; *Schofield* v. *Watkins*, 22 id. 66; *Highway Comrs.* v. *Baumgarten*, 41 id. 254.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county collector of LaSalle county made application at the May term, 1907, of the county court of that county for judgment and order of sale against the lands of plaintiffs in error on three installments of a special assessment alleged to be due Drainage District No. 1 of the town of Ophir, in said county. Objections were filed, and after a hearing the court overruled all the objections and entered judgment, to reverse which judgment this writ of error was sued out.

In 1906 judgment was entered against some of these same lands as to the first installment and the objectors appealed to this court, where the judgment was reversed and the cause remanded. (*Carr* v. *People*, 224 Ill. 160.) The

early history of these proceedings is there set forth and need not be here repeated. This is a proceeding under the Farm Drainage act, (Hurd's Stat. 1905, p. 799,) and the court in the former case found the classification roll illegal. After the cause was reversed by this court two of the drainage commissioners were called by telephone to the office of the attorney of the drainage district in Ottawa, outside of the district and some twelve or fourteen miles distant from it by the shortest line. The third commissioner and the clerk were not notified and were not present. On this date, December 24, 1906, the two commissioners, under the advice of their attorney, attempted to levy a special ·assessment upon the lands of the drainage district, as provided for under section 26 of said Farm Drainage act. (Hurd's Stat. 1905, p. 807.) The clerk testified that he had no record of any kind of this special assessment proceeding. Section 2 of this act (p. 799) provides that the town clerk, as clerk of the drainage commissioners, shall be the custodian of all papers and records, and shall keep in a well-bound book, known as the "Drainage record," a record of proceedings of the commissioners, and shall enter at length therein all findings and orders of the commissioners pertaining to the subject of drainage. Said section 26 of this act provides that when the assessment roll (designated as the tax list) has been completed in accordance therewith, it shall be filed with the town clerk. The assessment roll or tax list provided for in this section was not filed with the town clerk, and it is apparent from this record that he had never seen it or had it in his possession, or made any record of it, previous to this application for judgment of sale. When the law requires records of proceedings to be kept by drainage commissioners, as in this instance, they are the only lawful evidence of the action to which they refer, and such records cannot be contradicted, added to or supplemented by parol. (*People* v. *Madison County,* 125 Ill. 334; *Dunn* v. *Youmans,* 224 id. 34; *O'Connell* v. *Chicago Terminal*

*Railroad Co.* 184 id. 308; *Chaplin* v. *Highway Comrs.* 129 id. 651.) Since the amendment of this Farm Drainage act in 1901, (striking out section 27, which provides for an appeal to the county court from any special assessment levied under section 26,) the first opportunity to be heard by the property owner after the special assessment is levied under section 26 is when the matter comes up on application for judgment of sale. In that respect it is similar to the proceedings to build sidewalks by special taxation under the special Sidewalk act of 1875. (*Biggins' Estate* v. *People,* 193 Ill. 601.) In a proceeding of this character, as under special tax proceedings, in the absence of affirmative showing of strict compliance with the requirements of the statute the special assessment levied thereunder must be held void. *Chicago and Alton Railroad Co.* v. *People,* 190 Ill. 20.

While the revenue law is liberal in allowing irregularities, informalities or omissions not affecting the substantial justice of the tax to be corrected or supplied upon application for judgment, it does not authorize the court to levy a tax where none has been levied by the proper officers. (*People* v. *Glenn,* 207 Ill. 50; *People* v. *McDonald,* 208 id. 638; *Holland* v. *People,* 189 id. 348.) To make the special assessment under section 26 legal, there must not only be a legal meeting of the drainage commissioners held, but the record must be kept and preserved by the clerk in his book of records, as required by this act. It is not necessary that the clerk keep it with his own hand or write out the findings himself, but it must be his record. (*Hepler* v. *People,* 226 Ill. 275.) The letter of the statute does not appear to designate where the meetings of the drainage commissioners shall be held, but we think the spirit of the act requires them to be held within the boundaries of the drainage district. We think, also, that in order to hold a legal meeting it is necessary that the drainage commissioners and the clerk should all be given due notice of the meeting so they may have an opportunity to attend. After such

notice we are inclined to think a majority of the commissioners might hold a legal meeting. (*Hinkle* v. *City of Mattoon,* 170 Ill. 316; *Gage* v. *City of Chicago,* 192 id. 586.) To hold that this special assessment upon which the judgment is based is valid without any legal meeting of the drainage commissioners being called or held or any legal record kept, in acordance with the provisions of the statute pointing out the necessary steps to be taken, would be to hold that the statute could be entirely disregarded in this respect and the property of the citizen taken to satisfy the tax. *Biggins' Estate* v. *People, supra; Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 id. 538.

Several other objections have been strenuously urged against the validity of this tax. It would unduly extend this opinion to discuss them in detail, and as most or all of them are unlikely to arise in any further proceedings as to this drainage tax against the property of objectors, we do not deem it necessary to consider or decide them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*