THE PEOPLE *ex rel.* Leonard Wetz *et al.* Appellees, *vs.*
C. A. HEPLER *et al.* Appellants.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. DRAINAGE—*drainage districts are local subdivisions of the State.* Drainage districts are local subdivisions of the State created by law for the purpose of administering therein certain functions of local government, and the commissioners exercise a portion of the sovereign power of the State, being invested with taxing power, the power of eminent domain and other functions of local government.

2. SAME—*drainage commissioners cannot exercise functions outside territorial limits of district.* Drainage commissioners are within the general rule that officers of local subdivisions of the State cannot hold meetings or exercise other functions of local government outside of the territorial limits of their respective municipalities or districts, and official power does not attend the persons of the commissioners, so as to enable them to exercise corporate powers wherever they choose to meet.

3. SAME—*what does not bear upon question where commissioners may hold meetings.* The facts that the statute provides that notices may be posted in or near the drainage district and that the clerk is authorized to keep the records in his office wherever it may be in the township are of no importance in determining where the drainage commissioners may hold their meetings.

4. SAME—*meetings of commissioners must be held in the district.* Meetings of the drainage commissioners must be held with-

in the territorial limits of the district, and if they are held outside of such limits they are unauthorized, without regard to the distance of the meeting place from the territorial limits of the district.

5. QUO WARRANTO—*remedy by quo warranto is not a matter of absolute right.* Courts have a broad discretion in granting or denying the remedy by *quo warranto,* and may take into consideration the position and motives of the relator and the necessity or policy of granting the remedy.

APPEAL from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

CHUBBUCK & JONES, and A. C. NORTON, for appellants.

BURT W. ADSIT, State's Attorney, MCILDUFF & THOMPSON, U. W. LOUDERBACK, WINSLOW EVANS, and GUY L. LOUDERBACK, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was commenced by the State's attorney of Livingston county by filing in the circuit court of the said county an information in the nature of *quo warranto,* on the relation of Leonard Wetz and Frank Reed, against C. A. Hepler and George Brown, of Reading township, in Livingston county, and Patrick Healy, of Osage township, in LaSalle county, charging the defendants with unlawfully assuming to exercise corporate powers as commissioners of the supposed drainage district called Union Drainage District No. 1 of Reading township, Livingston county, and Osage township, LaSalle county. The defendants by their amended plea set out the steps that had been taken in the organization of the district, and to that plea replications were filed raising issues of fact, which were submitted to a jury. The court refused to admit in evidence the record kept by the clerk, and there being no sufficient evidence of the organization of the district, a verdict of guilty was directed and returned and a judgment of ouster was entered.

That judgment was reversed by this court for error in excluding the record kept by the clerk and the cause was remanded to the circuit court. (*Hepler* v. *People ex rel.* 226 Ill. 275.) The record did not show that the meetings for the organization of the district were held outside of its boundaries and there was no issue relating to that subject. On the record then before the court it was considered that the district was legally organized, but when the cause was re-instated in the circuit court the issues were changed by the voluntary action of the parties. The relators withdrew all their replications to the amended plea, and the defendants again amended the plea by adding an averment that all of the meetings for the organization of the district were held at the office of Joseph Bradley, the town clerk of Reading township, in Ancona, in Livingston county, three-quarters of a mile distant from Union Drainage District No. 1. To the plea as so amended the relators demurred and the demurrer was sustained. The defendants elected to stand by the plea, and judgment of ouster was entered and a nominal fine was assessed against them. From that judgment this appeal was taken.

The act to provide for drainage for agricultural and sanitary purposes requires a petition of land owners to be filed with the town clerk, who is to give notice of a meeting for the purpose of considering the petition, by posting printed or written notices in at least three public places in or near the proposed drainage district. At such meeting any person owning land in the district whose name does not appear on the petition may appear and controvert any material statement in the petition. If the commissioners find in favor of the petitioners they are required to adjourn to a fixed time and publicly announce the same and to go upon the lands included in the district and personally examine them. At the time appointed for the adjourned meeting, and at any subsequent adjourned meeting, they are to find whether the lands will be benefited, and may

find from the evidence of witnesses that the cost of the proposed work will exceed the benefits. If they finally determine in favor of the petitioners they may proceed to organize the district. The act secures to the land owners the right to a hearing and to introduce evidence, and it makes no provision that the commissioners may exercise the powers conferred by the act outside of the territorial limits of the district. In this case the lands were located in two townships of two counties, and the town clerk of Reading township, in Livingston county, where the petition was filed, selected two highway commissioners of that township and one highway commissioner of Osage township, in LaSalle county, to constitute the drainage commissioners. The amended plea averred that all the meetings of the commissioners held for the purpose of considering the petition and hearing the land owners and the evidence were held outside of the territorial limits of the district, at the office of the clerk of Reading township, in Livingston county.

Drainage districts are local subdivisions of the State created by law for the purpose of administering therein certain functions of local government, and the commissioners exercise a portion of the sovereign power of the State, being invested with the taxing power, the power of eminent domain and other functions of local government. It is the rule that officers of such local subdivisions are confined in their jurisdiction to the territorial limits of the municipality or district. Counsel do not deny that such is the rule or contend that a city council or other body exercising the powers of government in a district or municipality could hold a meeting or perform any functions outside of the limits of the municipality or district, but it is contended that drainage districts ought to be exempted from the rule. We do not discover any sound basis for such a distinction, and have held that the rule applies to the commissioners of a drainage district in the cases of *People ex rel.* v. *Carr,*

231 Ill. 502, and *People ex rel.* v. *Schwank,* 237 id. 40. The fact that notices may be posted in or near the drainage district has no bearing on the question where corporate powers may be exercised. There is direct authority in the act for giving notice in that way, and as the object is to give notice, which must be by posting in public places, there might be no public places within the district. The act authorizes the clerk to keep the records in his office, wherever it may be in the township; but that fact is of no importance in determining where the commissioners may hold their meetings. It can make no difference as to the legality of an act whether a meeting is held three-quarters of a mile from a district or at a greater distance, and if a meeting could be held for the organization of this district outside of the district, it could be held at any remote point in either township.

Counsel predict disastrous consequences from holding that official power does not attend the persons of the commissioners and they cannot exercise corporate powers wherever they may choose to meet, but the record does not disclose that any such consequences would result in this case. Courts have a very broad discretion in granting or denying the remedy by *quo warranto,* which is not a matter of absolute right. The court may consider the position and motives of the relator and the necessity or policy of granting the remedy. (*People ex rel.* v. *Schnepp,* 179 Ill. 305; *People ex rel.* v. *Hanker,* 197 id. 409.) If a case should arise where there has been acquiescence or unreasonable delay in seeking the remedy, or where granting it would be against public policy or seriously interfere with vested interests, such matters would receive due consideration; but no such condition appears in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*