THE PEOPLE *ex rel.* Jack Lusk, County Collector, Appellant, *vs.* HENRY J. GARNER, Appellee.

*Opinion filed February 17, 1915—Rehearing denied April 8, 1915.*

1. TAXES—*assessment under section 62 of Farm Drainage act should not include interest on bonds.* The assessment levied under section 62 of the Farm Drainage act, where a special district has been organized, is intended to be only for the amount required for the construction and completion of the contemplated improvement, and it should not include an amount for interest on bonds.

2. SAME—*levy for interest must be made in accordance with section 70 of Farm Drainage act.* After the levy of the assessment under section 62 of the Farm Drainage act in a special district the matter of dividing the assessment into installments may be considered by the commissioners, and if such course is decided upon, the commissioners must proceed under section 70 of such act in making a levy for interest.

3. SAME—*when tax to pay interest is illegal.* Under section 70 of the Farm Drainage act a tax to pay interest on bonds is a new tax, which can only be levied by the commissioners or the Auditor of Public Accounts in the manner provided by the statute, and a tax extended without a proper certificate from such officer or officers, as the case may be, is illegal.

4. SAME—*taxing officers are presumed to have performed their duty.* In the absence of any showing that the provisions of sec-

tions 62 and 63 of the Farm Drainage act were not complied with in extending a tax to pay an installment of bonded indebtedness, it must be presumed that the officers whose duty it was to levy and extend such tax performed their duty and that the tax was legally levied.

5. SAME—*items mentioned in section 70 of the Farm Drainage act should be stated separately in commissioners' certificate.* Section 70 of the Farm Drainage act does not refer to the principal indebtedness due, but the items mentioned in such section, such as interest accrued, past due interest and amounts necessary to be levied, if any, to keep the work in repair for the ensuing year, are amounts the tax-payers are entitled to know about and should be stated separately in the certificate of the commissioners.

6. SAME—*provision for extending a drainage tax the same as other taxes applies only to items mentioned in section 70.* The statute does not require that drainage taxes shall necessarily be extended by the county clerk on the collector's books the same as other taxes for State, county and municipal purposes, as that provision is found in section 70 of the Farm Drainage act and applies only to the items mentioned therein.

7. SAME—*section 27 of the Farm Drainage act was repealed by the amendatory act of 1901.* Section 27 of the Farm Drainage act, which allowed an appeal to the county court from the special assessment roll or tax list, was repealed by the amendatory ̊act of 1901.

8. SAME—*when party is not estopped to show his land was assessed more than benefited.* The fact that an owner of land in a special farm drainage district has paid two prior assessments levied to pay interest upon the amount of the drainage tax does not preclude him, upon application for judgment of sale for an installment of the tax, from introducing evidence to show that his land has been assessed more than it was benefited.

APPEAL from the County Court of Saline county; the Hon. K. C. RONALDS, Judge, presiding.

F. WILLIAM KRAFT, and W. F. SCOTT, for appellant.

KANE & WISE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee filed four objections in the county court of Saline county, at the June term, 1914, of said court, to the application of Jack Lusk, county treasurer of Saline county,

for an order and judgment of sale of the lands of appellee in Rector Special Drainage District of Saline and Hamilton counties for a delinquent special drainage tax extended against said lands. Objections 1 and 2 were sustained, objection 3 was withdrawn and objection 4 was overruled. The county treasurer has appealed from the judgment of the county court sustaining objections 1 and 2. Appellee has assigned cross-errors to the action of the court in overruling objection 4.

The first, second and fourth objections are as follows:

(1) "The commissioners of the said Rector Special Drainage District did not file any proper, legal and valid certificate of levy or statement on or before December 1, 1913, with the county clerk of the county of Saline, the same being the county where said district was organized, as required under and by virtue of section 70 of the Farm Drainage act.

(2) "The county clerk of said county of Saline did not extend the said tax on the collector's books, the same as State, county and municipal or other taxes are extended, in appropriate columns, as required by section 70 of the Farm Drainage act.

(4) "Said assessment against said premises above described is more than said premises are benefited by reason of the proposed drainage."

Rector Special Drainage District was organized as a special farm drainage district under the Farm Drainage act. (Hurd's Stat. 1913, sec. 49 *et seq.* p. 963.) On November 22, 1910, the commissioners ordered that a special assessment of $78,234.36 be levied on the lands of the district and certified the same to the county clerk, as clerk of the district, as provided by section 62 of said act. Thereafter, on December 6, 1910, the commissioners made out and filed in the office of the county clerk a special assessment or tax list, as required by that section of the act. On the following day, December 7, the commissioners, by reso-

lution, ordered that the special assessment or tax so levied be divided into eight annual installments, as follows: One of $5000, payable on or before January 1, 1914; two of $8000 each, payable on or before January 1, 1915 and 1916, respectively; one of $11,000, payable on or before January 1, 1917; three of $12,000 each, payable on or before January 1, 1918, 1919 and 1920, respectively, and one of $10,234.36, payable on or before January 1, 1921, each installment to bear interest at the rate of six per cent per annum from and after January 1, 1911. On March 29, 1911, the commissioners adopted a resolution that bonds be issued, numbered from 1 to 40, inclusive, payable serially on April 1, 1914, and each year thereafter, to and including April 1, 1921. None of the bonds were ever registered with the Auditor of Public Accounts, as authorized by section 67 of the act. No further action has been taken by the commissioners in the premises since the adoption of the resolution authorizing the issuance of the bonds of the district. It further appears appellee paid two previous assessments levied to pay interest on the total amount of the special assessment or tax levy, and that the manner in which the special tax in question was extended was as follows: The county clerk extended the tax for the total amount of the special assessment or tax levy of $78,234.36, and the county treasurer extended the tax or assessment for the amount required to pay the interest on the same and the first installment of $5000, due January 1, 1914. The total amount extended against appellee's lands on this basis is $177.12. No statement appears to have been filed by the commissioners with the county clerk giving the date, number and amount of all notes or bonds issued by the district which remain unpaid, etc., as provided by section 70 of the act. The application of the provisions of this section to a situation such as the one at bar is one of the controverted questions in the case.

Appellant insists the original levy of $78,234.36, made under section 62 of the act, includes both the principal and the interest on the same, and that no further action is necessary by the commissioners in the premises in levying the tax, while appellee insists the original levy does not include the interest, and that a separate levy for interest must be made by the commissioners each year, as required by section 70 of the act. We think the latter contention the correct one when bonds have been issued. By section 60 of the act the commissioners are required to make a classification of the lands in the district on a graduated scale, according to benefits. By section 61 a right of appeal is given to the county court by any land owner who is dissatisfied with the classification of the lands in the district, as provided in sections 24 and 25 of the act. By section 62 it is provided that as soon as the classification has been corrected and confirmed by the commissioners or court of appeal, as the case may be, the commissioners shall order such amount of money to be raised by special assessment on the lands in the district as may be necessary, according to the best judgment of the commissioners, and make a certified return of the same to the clerk of the county court, who is required to record it in the drainage record. The section further provides that "it shall thereupon be the duty of said clerk to compute and apportion the amount thus levied among the several tracts in the name of the owners when known, according to the acreage of each, and its figure of classification on the graduated scale, so that each tract may bear its burden in proportion to benefits. The commissioners shall make out a tax list, which shall conform as near as the facts will admit, to the list provided for in section 26 of this act, which list shall be signed by the commissioners and filed with the clerk among the records of the drainage district." By section 63 it is provided that upon such levy being made it shall be competent for the commissioners to order the tax paid in installments, in such amounts and at such times

as will be convenient for the accomplishment of the work, otherwise that the same shall be payable within thirty days after confirmation and be a lien upon the lands assessed until paid, bearing interest at the rate of six per cent per annum until paid. The commissioners are further authorized to borrow money in an amount not to exceed ninety per cent of the assessment, and secure the payment of the same by notes or bonds of the district bearing interest at six per cent per annum, payable annually or semi-annually, as the commissioners may determine. By sections 66 and 67 of the act provision is made for registration of the bonds with the Auditor of Public Accounts and as to the proceedings to be taken by such officer when bonds are so registered with him. Section 70 points out the procedure to be taken by the commissioners in cases where the bonds have not been registered with the Auditor of Public Accounts, as authorized by the preceding sections, or where only a part of the bonds issued have been so registered.

The tax levied by virtue of section 62 of the act is intended to be only for the amount required for the construction and completion of the contemplated improvement. It should not and could not include an amount for interest, as at the time the levy is made it cannot be known whether or not the assessment will be made payable in installments, when the same will mature or the amount required for that purpose, or whether or not the land owner or owners will elect to pay the same in full before bonds are issued, as provided by section 72 of the act. The matter of dividing the assessment into installments may be a matter for the subsequent consideration of the commissioners, and when that course is decided upon, section 70 of the act points out the procedure to be followed by the commissioners in making a levy to pay interest on the same. It requires that the commissioners shall, on or before December 1 of each year, file with the county clerk of the county in which the district is organized, a statement of the date, number and

267 - 26

amount of notes or bonds issued by them, as such commis-
sioners, which remain unpaid, the time the same will ma-
ture, the rate of interest such notes or bonds bear, the time
the interest falls due, and the amount necessary to be levied
on the lands assessed in order to meet the payment of in-
terest for the ensuing year, also such amount as may be
deemed necessary to keep the work in repair, etc., and that
the clerk shall compute the *pro rata* share which each tract
or parcel of land will have to pay in order to raise the
respective amounts and extend the same on the collector's
books; the same as other taxes are extended for State,
county and municipal purposes, in their appropriate column
or columns. Section 68 provides that when the bonds,
either in whole or in part, have been registered with the
Auditor of Public Accounts, he is required, annually, to
ascertain the amount of interest, or interest and principal,
due and accrued for the current year on all such bonds reg-
istered in his office and file a certificate showing the same
in the office of the county clerk.

The certificate, whether filed by the commissioners or
by the Auditor of Public Accounts, is intended to serve the
same purpose and advise the county clerk of the amount of
tax to be levied and extended in order to pay interest on
the principal of all unpaid bonded indebtedness of the dis-
trict. Without such certificate the clerk will have no means
of knowing the amount of tax to be extended, as it cannot
be known by him from anything in his office whether or
not the interest and the principal on bonded indebtedness
maturing the previous year have been paid. The tax may
have been levied, and for some error, irregularity or omis-
sion upon the part of the taxing officers in extending the
same abated on application for judgment, which would ne-
cessitate the extending of the tax anew, not only for the
amount of the interest on the principal of the total unpaid
bonded indebtedness for the previous year, but also inter-
est on the total bonded indebtedness for the ensuing year.

In *People* v. *Glenn,* 207 Ill. 50, we held that the provisions of section 70 of the act were intended for the protection of the tax-payer, and that a failure to comply with such provisions would render the tax levied illegal and subject to be defeated on application for judgment. We also pointed out that the statute contemplated the amount collected to pay interest should be kept as a separate fund, distinct from the other taxes levied and collected for that year. Under that section of the statute the tax levied to pay interest is a new tax. It can only be levied by the commissioners or the Auditor of Public Accounts and in the manner provided by the statute, and a tax extended without a proper certificate from such officer or officers, as the case may be, is a tax levied or extended without authority of law and is illegal and void. The court did not err in sustaining the objection to that portion of the tax.

As to the tax extended to pay the installment of the bonded indebtedness of $5000 maturing April 1, 1914, there is nothing in the record to show that the provisions of sections 62 and 63 of the Farm Drainage act were not complied with and the appellee has made no argument on that point. In the absence of any showing to the contrary it must be presumed that the officers whose duty it was to levy and extend such tax performed their duty and that such tax was legally levied and should be collected. *People* v. *Hassler,* 262 Ill. 133.

Section 70 does not refer to principal indebtedness due, as the amount of the principal indebtedness, or the installments of the same, can always be ascertained from the levy and extension of taxes made under sections 62 and 63. The items, however, mentioned in section 70, such as interest accrued, past due interest, and amounts necessary to be levied, if any, to keep the work in repair for the ensuing year, are amounts which the tax-payers have a right to know and should be stated separately in the certificate of the commissioners. (*People* v. *Glenn, supra.*) The court

erred in denying the application for judgment against the lands of appellee except as to that portion of the tax improperly levied to pay interest.

As to the second objection, the statute does not require that the tax necessarily shall be extended by the county clerk on the collector's books the same as other taxes necessary for State, county and municipal purposes. That provision is found in section 70 and applies only to the items mentioned therein. The second objection should have been overruled except as to the item of interest.

Appellee attempted to prove by a witness, in support of his fourth objection, that his lands in the district were assessed more than they were benefited. Appellant objected to the evidence offered, on the ground, first, that appellee had paid two prior assessments levied to pay interest on the whole amount of the tax levied and had thereby estopped himself from showing his property was assessed more than it was benefited; and second, that section 27 of the act, which was in the Drainage law prior to the amendment of 1901 and which allowed an appeal to the county court from the special assessment roll or tax list, had not been repealed and was in force, and appellee's remedy, if he deemed his lands assessed more than they were benefited, was by appeal from the order of the commissioners confirming the assessment roll or tax list, and such objection could not be urged on application for judgment. The argument advanced in support of this contention is, that at the same session of the legislature at which was passed "An act to amend sections 24, 25, 29, 41, 43, 61, 62, 63, 64 and 65, and to repeal section 27 of an act entitled 'An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named,' " by which section 27 was specifically repealed, another act was passed, entitled "An act to amend an act entitled 'An act to provide for drainage for agricultural and sanitary purposes and to repeal certain acts therein named,' " by which section 27 was

retained and preserved and in effect made a part of the same act by which it was specifically repealed. (Laws of 1901, p. 156.) We have heretofore held that section 27 was repealed by the amendatory law of 1901. *People* v. *Carr,* 231 Ill. 502; *People* v. *Welch,* 252 id. 167; *People* v. *Burrall,* 258 id. 509; *People* v. *Whitesell,* 262 id. 387.

Appellee is not estopped from introducing evidence as to whether or not his land was assessed more than it was benefited by reason of his having paid two prior assessments levied to pay interest upon the amount of the tax, for the reason that each levy of an assessment to pay interest is a levy of a new tax, and its payment will not estop the land owner from objecting to a subsequent assessment or tax levied for that purpose. (*People* v. *Jonkman,* 266 Ill. 229, and cases cited.) In the recent case of *People* v. *Whitesell, supra,* we held that the provision of the constitution which authorizes drainage assessments does not authorize any assessment beyond the benefit conferred by the enhanced market value of the land, and neither the legislature nor the drainage commissioners acting under the authority of any law can levy and enforce an assessment beyond that limit; that every owner of land in a drainage district is entitled at the first opportunity presented, in a tribunal authorized to determine the question, to a hearing upon the question whether an assessment exceeds the benefit to his land, and that under the present Farm Drainage law the first opportunity is upon application for judgment against his land and an order of sale. On the authority of that case it was error to overrule the fourth objection, and it was error for the court to sustain the objection to the evidence offered in support of such objection.

For the reasons given, the judgment of the county court of Saline county will be reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.                    *Reversed and remanded.*