THE PEOPLE ex rel. P. L. Dorris, County Collector, Appellee, vs. CHARLES LETEMPT et al. Appellants.

*Opinion filed April 20, 1916.*

1. TAXES—*the certificate of the Auditor need not state, separately, items of principal and interest on registered bonds.* Under section 68 of the Farm Drainage act it is not necessary that the certificates of the Auditor of Public Accounts of the amount of interest and principal of registered bonds required to be levied shall state separately the amount of the principal and the amount of the interest. (*People* v. *Glenn,* 207 Ill. 50, distinguished.)

2. DRAINAGE—*signing a petition does not preclude objection to the amount of benefits.* Signing a petition for the organization of a farm drainage district does not bind the signer to accept any assessment of benefits nor preclude his objecting that his land is assessed more than it is benefited, notwithstanding the provision of the statute that the signing of the petition shall be taken as conclusive that the signers have accepted the provisions of the act as to their benefits and damages. (*People* v. *Bentley,* 268 Ill. 470, followed.)

3. SAME—*fact that there has been a classification does not preclude objection to amount of assessment.* The fact that there has been a classification of lands in a farm drainage district merely fixes the proportion which the several tracts of land shall pay of any valid assessment within constitutional limits and does not preclude a property owner from insisting that the assessment against his land shall not exceed the benefits.

4. SAME—*when payment of installments does not raise an estoppel.* Where land owners do not ask for the division of a drainage assessment into installments nor in any manner induce the issuing of bonds, the mere fact that they pay one or more installments does not raise an estoppel against their right to object to judgment for another installment on the ground that the assessment exceeds the benefits to their lands.

5. SAME—*when objection to method of classification comes too late.* Land owners have a right to object to a classification of their lands in combination with the lands of others in forty-acre tracts and have the right of appeal, but if they fail to object to such method of classification and have it corrected at the proper time they cannot insist upon the objection upon application for judgment and order of sale.

6. SAME—*right of way deeded to a district ought not to be included in assessment.* Right of way deeded to a drainage district

ought not to be included in the assessment, and the land owners ought not to be required to incur attorney's fees and expenses to relieve their lands of an assessment which includes lands of the district itself.

APPEAL from the County Court of Saline county; the Hon. CHARLES D. STILLWELL, Judge, presiding.

KANE & WISE, for appellants.

W. F. SCOTT, (A. H. BAER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Saline county applied to the county court for judgment against lands of the appellant Charles LeTempt for an assessment levied by the Middle Fork Special Drainage District, organized under the Farm Drainage act, which was due in 1914. The application was continued from term to term until an application was made for judgment for a subsequent assessment due in 1915, when both of the appellants, Charles LeTempt and G. W. Farley, filed objections. It was agreed that all of the objections should be consolidated and tried as one cause. Accordingly there was a trial on the objections of Charles LeTempt for the years 1914 and 1915 and of G. W. Farley for 1915. The court reduced the acreage of the land assessed by taking out the parts of tracts owned by other persons and rendered judgment on the basis of the original classification according to acreage against the lands of the objectors. From that judgment this appeal was prosecuted.

Bonds had been issued by the district and registered in the office of the Auditor of Public Accounts, and the assessments were levied on certificates of the Auditor made in 1913 and 1914 of the amounts estimated and determined by himself and the State Treasurer necessary to pay interest and principal on the bonds, together with the costs of

collecting and disbursing the same. The first objection was that the certificates did not specify, separately, the items of principal and interest and cost of collection making up the aggregate. An assessment can only be levied by the commissioners, or in pursuance of a certificate of the Auditor of Public Accounts, in the manner provided by the statute, and an assessment levied without a proper certificate is illegal. (*People* v. *Garner,* 267 Ill. 396.) By virtue of that rule it was held in the case of *People* v. *Glenn,* 207 Ill. 50, that a certificate of the drainage commissioners in a gross sum, which included, with the interest and principal maturing on evidences of indebtedness, the cost and expenses of carrying on the work of drainage and repairs of the drains and ditches and ordinary and contingent expenses, was insufficient to authorize an assessment. That decision was on the ground that the tax-payer has a right to be informed for what purposes his property is being taxed, and the tax-payer has no other means of knowing what is to be expended for carrying on the work of drainage and making repairs and ordinary and contingent expenses unless the several amounts levied for such purposes are stated separately. This case is different, for the reason that the certificates only stated the amount necessary to pay the principal maturing and the interest upon the registered bonds, with the cost of collection and disbursement. Section 68 of the Farm Drainage act merely requires the Auditor to make out and transmit to the county clerk a certificate setting forth the estimated amount of interest, or interest and principal, due and accrued or to accrue for the current year on registered bonds, together with the ordinary cost of collection and disbursement. These matters are already known to the land owner and the total amount is a mere matter of computation.

The second objection was that the assessments were for more than the premises were or would be benefited, and the objectors offered evidence to sustain that objection. The

People objected to the evidence on the grounds, first, that the objectors signed the petition for the organization of the district; second, that there was a classification of the lands of the district which had become final, and the objector LeTempt had appeared and obtained a reduction as to his lands; third, that bonds had been issued and registered with the State Auditor and sold, and both objectors had voluntarily paid an assessment in 1913 and Farley had paid an assessment due in 1914. The court decided that for these reasons the objectors were estopped to make the objection that their lands were not benefited to the amounts of the assessments.

The signing of the petition only pledged the signers to the fact that in their opinion the lands lying within the boundaries of the proposed district required a combined system of drainage. The provision of section 15 that the signing of the petition shall be taken as conclusive against the persons so signing that they have accepted the provisions of the act as to their benefits and damages thereunder can apply to nothing except statements contained in the petition signed, and that provision was so construed in *People* v. *Bentley*, 268 Ill. 470. It was there said that the provision does not mean that a signer of a petition agrees to accept any assessment of benefits that may be made, and that he is not deprived of the protection of his constitutional right that his property shall not be assessed more than it is benefited. The estimated amount in the organization is only as to the probable aggregate amount of benefits, and is not conclusive as to the amount which may be raised by an assessment or that an assessment may not exceed the benefits. *Little Beaver Drainage District* v. *Livingston*, 270 Ill. 582.

There had been a classification of the lands of the district and one of the objectors had secured a lower classification on a hearing, but the classification only fixes the proportion which the several tracts of land should pay of any valid assessment within constitutional limits. The clas-

sification settles no question as to the actual results of the work, and even the classification is only permanent in case it is found, from experience and results, to be just. Section 21 of the act provides for a re-classification where it appears, from experience and results, that the first classification was not fairly adjusted on the several tracts of land according to benefits. The fact that there has been a classification does not deprive the land owner of the right to insist that an assessment against his land shall not exceed the benefits. *People* v. *Welch,* 252 Ill. 167; *People* v. *Brown,* 253 id. 578; *People* v. *Whitesell,* 262 id. 387.

If land owners in a farm drainage district, with knowledge of the amount of the assessment against their lands, petition the commissioners to divide the assessment into installments and issue bonds therefor, thereby inviting investors to purchase the bonds, the land owners are estopped to urge that the assessment exceeds the benefits from the improvement. But that is based upon well recognized rules of estoppel. (*People* v. *Soucy,* 261 Ill. 108.) That doctrine does not apply to this case, in which the objectors did not ask the commissioners for a division of the assessment into installments and did not in any manner induce the issuing of the bonds. The mere fact that they paid an assessment due in 1913, and one of them paid an assessment due in 1914, contains no element of estoppel. Any payment in excess of benefits was merely a voluntary contribution to the drainage district, from which the district derived a benefit and which did not cause any change in its action. (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 Ill. 582; *People* v. *Jonkman,* 266 id. 229.) The court erred in sustaining the objections to the evidence.

The third objection to the assessment was that descriptions of parts of the tracts of land were illegal and void. One tract owned by the objector LeTempt was described as the south part of a forty-acre tract, containing fifteen acres, which would be a rectangular piece of land, while, in fact,

his land was not in that form.   A part of the tracts of land
of the objectors was taken up, in part, by the right of way
and ditch of the drainage district, for which deeds had been
made to the district.   The Illinois Central Railroad Com-
pany owned a part of the land occupied for its right of
way, and a tract assessed as forty acres was partly occu-
pied by the village of Rileyville with church and school sites
and additions to the village.   The court deducted the num-
ber of acres that had been deeded to the district for a right
of way and the land owned by the railroad company and
others and entered judgment according to the classification
upon the acreage remaining.   The lands were classified in
forty-acre tracts, and, so far as they were owned by differ-
ent persons at the time of the classification, the law permit-
ted the land owners to object to a classification of their
lands in combination with others and allowed an appeal.
They could have had the method of classification corrected,
and it was too late, after an opportunity to do so, to make
the objection on the application for judgment.   The original
classification is binding until a new classification is made.
(*People* v. *Chicago and Interurban Traction Co.* 267 Ill.
510; *People* v. *Whitesell, supra.*)   So far as the right of
way deeded to the district was concerned, it ought to have
been eliminated and not included in the assessment.   The
land owner ought not to be required to appear and incur
attorney's fees and expenses to relieve his lands from pay-
ment of an assessment including lands of the district itself.
So far as it was the fault of the objectors that their lands
were classified in combination with the lands of others in
failing to have the classification corrected, the deduction by
the court of lands which should have been separately classi-
fied was all they could ask.

   For the errors pointed out the judgment is reversed and
the cause remanded.          *Reversed and remanded.*