THE PEOPLE *ex rel.* Henry L. Arnold, County Collector, Appellee, *vs.* ANDREW H. WARREN *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. PLEADING—*when objection of variance is waived.* Variance between a delinquent list headed "Second special assessment" and the notice of application for judgment of sale terming it "Second installment of special assessment" would be fatal if raised by special appearance, but is waived by filing general objections and not confining the objections solely to the question of jurisdiction.

2. DRAINAGE—*record of meeting is necessary to legality of special assessment.* To make a legal special assessment under section 26 of the Farm Drainage act there must not only be a legal meeting of the drainage commissioners but the record of such

meeting must be preserved by the clerk in his book of records, and the mere record of a resolution for the assessment, signed by two drainage commissioners but not showing whether or not any meeting was held, is not sufficient.

3. SAME—*a court cannot presume that drainage commissioners have done what does not appear of record.* Whatever drainage commissioners may do in the matter of levying a special assessment must appear from their book of records, and unless enough is found therein so it can be said they have acted upon particular matters requiring action the courts cannot presume they have done so.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

This is an appeal from a judgment of the county court of LaSalle county on an application for judgment of sale against certain lands in district No. 1 of the town of Earl, of that county.

The record shows that a special assessment, divided into two installments, was levied and most of it collected previous to the levying of the additional assessment as to which these lands were returned delinquent at the May term, 1907, of that court.

It appears that the delinquent list was headed "Second special assessment," while the notice of application for judgment termed it "Second installment of special assessment."

Several objections were filed by appellants, asserting, among other things, that there was a fatal variance between the delinquent list and the advertisement; that the district had no authority to levy the assessment; that no proper resolution was passed by the commissioners; that no tax list was certified by the town clerk to the treasurer; that no valid assessment was made, and that no legal record exists or was kept to form a basis for said assessment. The county court overruled all objections and entered judgment. Thereupon appeal was prayed to this court.

BROWNE & WILEY, for appellants.

JAMES J. CONWAY, and BUTTERS, ARMSTRONG & FER-
GUSON, for appellee.

Per CURIAM: Had the question of variance between
the delinquent list and the advertisement of the collector
been raised by special appearance the objection must have
been sustained. As a general rule, a general appearance by
the owner in a proceeding to sell land for delinquent taxes
cures all defects in the notice of application for judgment.
(*Ottis* v. *Sullivan,* 219 Ill. 365; *McChesney* v. *People,* 178
id. 542.) The variance between the delinquent list and ad-
vertisement was waived by the filing of general objections
and by not confining the objections solely to the question
of jurisdiction.

The further objection is made that there was no record
of this additional assessment kept by the town clerk; that
the last record pertaining to these proceedings was October
14, 1905. A resolution dated December 31, 1906, was in-
troduced in evidence by appellee as a basis for this addi-
tional assessment under section 26 of the Farm Drainage
law. (Hurd's Stat. 1905, p. 807.) This resolution was
signed by two of the commissioners. It appears that the
third commissioner was then sick at the hospital and there-
fore did not sign. This resolution was handed to the
drainage clerk on the same day as dated, by one of the
commissioners, and marked by the clerk as filed on that day.
We have read the abstract and briefs, and the record as
well, on this question. We find no positive testimony as
to whether any legal meeting was held by the commissioners
for the passage of this resolution, and if so, where. We
think it is a fair inference from the record that if such
meeting was held, the clerk was not present and the resolu-
tion was handed to him afterwards. Under section 2 of
the Farm Drainage act (Hurd's Stat. 1905, p. 799,) it is
the duty of the clerk to keep a record of all findings and
orders of the commissioners in a well-bound book. To

make a legal assessment under this section there must not only be a legal meeting, but the record must be preserved by the clerk in his book of records. This question has been discussed at some length and decided by this court in *People ex rel.* v. *Carr*, (*ante*, p. 502,) and it will serve no useful purpose to re-state here our views on that question. The powers of drainage commissioners to impose a tax are limited and must be strictly construed. (*People* v. *Glenn*, 207 Ill. 50.) The drainage commissioners are exercising a special authority conferred upon them by this statute, and there are never any intendments or presumptions of law in favor of their acts. Whatever they do must be found from their record, and unless sufficient is found that it can be said that they have acted upon particular matters required, the law does not, and the courts cannot, presume that they have done so. (*People* v. *McDonald*, 208 Ill. 638.) The provisions of this statute were designed for the protection of the tax-payers, and to disregard them renders the tax illegal.

Other serious objections are raised on this record, among them the question whether the letting of the original contract without advertisement was lawful, it being contended by the appellee that most, if not all, of the appellants herein had waived this point by signing an agreement at the time such contract was let. It is further contended by appellee that even if the original contract was improperly let, all the work done under that contract was paid for by the original assessment, and that this additional assessment is to pay for additional work to complete the drainage system. The evidence in the record on both of these questions is not entirely satisfactory. The statute requires that for all contract work costing over $500 bids shall be received. (*Rogne* v. *People*, 224 Ill. 449.) Doubtless this provision could be waived by the property owners. As this cause must be reversed upon other grounds, and the record may not be the same on these questions in any future proceed-

ings that might arise, we deem it unnecessary to consider and decide them, as well as various other questions raised in the briefs.

For the reason that there is no proper record in the clerk's book showing any legal meeting or proceedings upon which to base this additional assessment, the objection of the appellants should have been sustained and judgment refused.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*