## Orville Arnold et al., Appellees, v. Village of Ina, Illinois, Appellant.

1. MUNICIPAL CORPORATIONS—*invalidity of contract creating liability. against village based upon mere oral consent of members of board.* Under Cahill's St. ch. 24, ¶ 44, providing that yeas and nays on any proposition to create a liability against a city· shall be entered on the journal of proceedings of the village board, the mere oral consent of all the members of the board to pay plaintiff for constructing culverts for the village is *ultra vires* and the plaintiff cannot recover therefor.

2. MUNICIPAL CORPORATIONS—*nonimplication of contract creating liability against village based upon acceptance of work done under oral consent of board.* No implied contract can be created against a village by its acceptance of work done for it after oral consent of the board, for the statute has declared the only method for binding the village in Cahill's St. ch 24, ¶ 44.

3. MUNICIPAL CORPORATIONS—*when village not estopped to contest validity of contract creating liability against it not executed in compliance with statute.* Everyone is presumed to know the extent of power of a municipal corporation and therefore there can be no estoppel by a village accepting the benefits of work put in for it after oral consent by the village board but without compliance with the sole statutory method for binding a village, as prescribed in Cahill's St. ch. 24, ¶ 44.

4. MUNICIPAL CORPORATIONS—*invalidity of village contract for improvements in absence of prior appropriation therefor.* A contract by the village board to pay for improvements, even though passed by yea and nay vote recorded in the journal of village proceedings, is invalid unless a prior appropriation has been made therefor.

Appeal by defendant from the Circuit Court of Jefferson county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1926. Reversed with finding of fact. Opinion filed April 15, 1927.

CURTIS WILLIAMS and CONRAD SCHUL, for appellant.

FRANK G. THOMPSON, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellees constructed a section of the State hard road which runs through appellant. When they had about completed their work the president of the village

board requested them to construct some culverts with-in the village limits on the understanding that if the State would not pay for same the village would. Mr. G. W. Page was the president of the board and he says that before appellees were employed by him he dis-cussed the matter with the members of the village board and that they were all willing for him to employ appellees to do the work on the understanding afore-said. He says that they all expected the State to pay the bill but that he later learned that it would not do so.

There was no record of any meeting of the village board in regard to the employment of appellees. The statute provides that the yeas and nays shall be taken on all propositions to create any liability against the city, or for the expenditure or appropriation of its money, which shall be entered on the journal of its proceedings. Cahill's St. ch. 24, ¶ 44. Provisions of that nature are mandatory. *People v. Chicago & E. I. R. Co.,* 314 Ill. 352; *Crawford v. Board of Education Dist. No. 88,* 215 Ill. App. 198. Where a collection of individuals designated in a manner provided by law are created a body, to whose care public affairs are committed, the body so created is powerless to act ex-cept together and as a body, and where a record of its proceedings is required to be kept, such record is the only lawful evidence of its action, and it cannot be changed by parol proof. *People v. Chicago & E. I. R. Co.,* 306 Ill. 402.

If there is a statute prescribing the method by which an officer or agent can bind a municipal corporation by contract such method must be followed, and there is no implied contract or liability of such municipal corpora-tion. *Roenheld v. City of Chicago,* 231 Ill. 467. It is quite evident, therefore, that Mr. Page had no author-ity to employ appellees. The village board could only create a liability against the village upon a yea and nay vote entered on the journal of its proceedings. The creation of a liability against the village in any

other manner is expressly prohibited by the statute. Appellees contend that because the work was done and appellant has received the benefit of it, they should be allowed to recover. They cite *Westbrook v. Middlecoff*, 99 Ill. App. 327; *De Kam v. City of Streator*, 232 Ill. App. 135, and other cases in support of that contention. The latter case went to the Supreme Court and was reversed. *De Kam v. City of Streator*, 316 Ill. 123. In that case the court held that the *Westbrook* case, *supra*, was erroneously decided. The court also held that everyone is presumed to know the extent of the powers of a municipal corporation, and it cannot be estopped to aver its incapacity, which would amount to conferring power to do unauthorized acts simply because it has done them and received the consideration stipulated for.

Even if the village board had undertaken to employ appellees by a yea and nay vote entered upon the journal of its proceedings, the contract would be invalid unless an appropriation had been made for that purpose prior thereto. *De Kam v. City of Streator*, 316 Ill. 123. Appellees having failed to prove a valid and binding contract, the judgment is reversed at their costs.

*Reversed with finding of fact.*

The clerk will insert the following in the judgment: The court finds that appellees had no valid contract with appellant.