J.O. PHILIP LINDAHL, Plaintiff-Appellant, v. THE CITY OF DES PLAINES, Defendant-Appellee.

First District (4th Division)   No. 1—89—1155

Opinion filed February 21, 1991.

Robert V. Gildo, of Chicago, for appellant.

Mark R. Mayer, of Hubbard, Hubbard, O'Brien & Hall, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, J.O. Philip Lindahl, sought to recover compensation from defendant, the City of Des Plaines, for his work in addition to his normal required hours. Plaintiff appeals the order of the circuit court of Cook County dismissing his claims pursuant to section 2–619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2–619).

On appeal, plaintiff contends that the trial court erred in dismissing his claims with prejudice and denying his motion to reconsider. The following issues are before this court: (1) whether plaintiff's brief should be stricken; (2) whether plaintiff's recovery is barred by the provisions of section 3–11–17 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 3–11–17); (3) whether plaintiff met his burden of pleading estoppel; and (4) whether defendant's affidavits provided a basis for dismissal.

We affirm.

BACKGROUND

Plaintiff brought this action against his former employer, the City of Des Plaines, for breach of oral contracts, breach of contract implied in fact, and breach of contract implied in law (*quantum meruit*).

Thereafter, defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) based on the statute of limitations, a motion to strike and dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619), and a motion to strike pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Defendant filed a memorandum in support of its motions.

Defendant filed relevant ordinances, appropriations, time sheets, and other materials in response to plaintiff's production requests which were incorporated by reference into defendant's section 2—619 motion, pleadings, and an affidavit. The affidavit was obtained from Ms. Donna McAllister, the city clerk for the City of Des Plaines on June 29, 1987. The affidavit consisted of the following statement:

"I, Donna McAllister, *** have reviewed all books and records for the period on 1972 to the present, and find that the City Council of the City of Des Plaines has passed no ordinances or resolutions relating to any oral or implied contract regarding J.O. PHILIP LINDAHL as Environmental Control Officer or Code Enforcement Officer."

On the whole, the affidavit, ordinances, appropriations, and time sheets established that plaintiff was a salaried civil service employee of the City of Des Plaines, and that his employment was authorized by ordinances and appropriations from 1972 to 1985. The City Code of Des Plaines and sections 1—15—4, 1—15—7, and 1—15—8 of the compensation plan and position classification from 1972 through 1985 provided that plaintiff would not be eligible for "overtime" compensatory pay, but could obtain compensatory time off at the discretion of the head of his department. Later, during oral argument before this court, defendant admitted that it had a contract with plaintiff.

In lieu of depositions, plaintiff was allowed to interview employees of the City of Des Plaines and review any municipal ordinances regarding the allegations raised in the complaint. However, plaintiff chose not to conduct the interviews.

Plaintiff was granted leave to file his first amended complaint on February 23, 1988. The court allowed defendant's motions to dismiss to stand as to plaintiff's amended complaint. Plaintiff's first amended complaint alleged that plaintiff was hired by defendant on June 1, 1972, as an environmental officer and was later employed by defendant from June 1, 1972, to December 31, 1985, as an environmental control officer and a code enforcement officer.

The complaint further alleged that plaintiff entered into an oral contract with defendant whereby plaintiff's work week consisted of 37.5 hours for which he was to be paid an annual salary. Any hours worked in excess of the 37.5 weekly hours would constitute compensatory time, and that plaintiff, subject to the consent of his supervisor, could reimburse himself for compensatory time by taking time off from work equal to the accumulated compensatory time. The complaint also alleged that in the alternative, plaintiff agreed to accept payment for the accrued compensatory time upon the termination of his employment with defendant. The amended complaint further alleged that defendant executed certain documents ratifying and authorizing the terms of the agreement.

The first count of the amended complaint alleged that defendant breached the aforementioned contract. The second count of the amended complaint alleged that defendant, in breaching the contract, violated the Wage Payment and Collection Act (Ill. Rev. Stat. 1987, ch. 48, par. 39M—1 *et seq.*). The third count of the complaint alleged that defendant breached the contract implied in fact. The final count of the complaint alleged that defendant's action was a breach of contract implied in law (*quantum meruit*) based upon the fact that defendant accepted the benefit of plaintiff's services without giving plaintiff just compensation, whereby defendant was unjustly enriched. Plaintiff failed to cite any specific ordinance or statutory authority for any of the terms of the alleged contract.

Plaintiff then filed a response to defendant's motion to strike and dismiss on March 25, 1988. Defendant subsequently filed a reply to plaintiff's response, attaching various affidavits.

The affidavits were obtained from Ms. Arlene Donahue, the director of human resources and services for the City of Des Plaines; Ms. Donna McAllister, the city clerk of the City of Des Plaines; Mr. Gregory Peters, the comptroller of the City of Des Plaines; and Mr. Duane Bleitz, the former comptroller of the City of Des Plaines. Ms. Arlene Donahue made the following statement by affidavit:

"I, ARLENE DONAHUE, being first duly sworn upon oath depose and state the following:
***
2. *** I have personal knowledge of the City employee compensation records (salary records) of all the employees and the Position Classification and Compensation Plans for the City of Des Plaines.

3. I have reviewed the City Code of the City of Des Plaines and the Compensation Plan and Position Classification, specifi-

cally Sections 1—15—4, 1—15—7 and 1—15—8, and the salary positions contained in Section 1—15—4 as they applied to Civil Service employees; specifically for the years 1972 through 1985, for PHILIP LINDAHL and his positions of Environmental Control Officer and Code Enforcement Officer.

4. *** [A]s to the issue of Compensatory Time raised by PHILIP LINDAHL's Complaint and Amended Complaint, PHILIP LINDAHL *** may have been only entitled to compensatory time, hour-for-hour, at the discretion of his department head, but was not entitled to any compensatory pay for the years 1972 through 1975 ***.

5. *** [T]his affidavit is made on affiant's personal knowledge and, if sworn as a witness, I can and will testify competently to the facts hereinabove stated."

Ms. Donna McAllister made the following statement by affidavit:

"I, DONNA McALLISTER, being first duly sworn upon oath depose and state the following:

***

2. *** I reviewed all City Ordinances, appropriations, and contracts for the years 1972 through 1985, Position Classification and Compensation Ordinances for the years 1972 through 1985, *** and the City Job Evaluation Committee job descriptions and Certification of Civil Services status for PHILIP LINDAHL ***.

3. *** I have found no other appropriation ordinances, compensation ordinances, or contracts relative to PHILIP LINDAHL for the period 1972 through 1985.

4. *** [T]his Affidavit is made on affiant's personal knowledge and, if sworn as a witness, I can and will testify competently to the facts hereinabove stated."

The affiants Gregory Peters and Duane Bleitz each tendered two separate affidavits. These affidavits are similar in content. In the first affidavit submitted by Mr. Peters and Mr. Bleitz, respectively, both affiants made the following statement:

"2. *** I have personal knowledge of the City employee compensation records (salary records of the employees and the Position Classification Plan and Compensation Plan for the City.

3. I have reviewed the City Code of the City of Des Plaines and the Compensation Plan and Position Classification, specifically Sections 1—15—4, 1—15—7, and 1—15—8, and the salary positions contained in Section 1—15—4 as they applied to Civil

Service employees; specifically for the years 1972 through 1985, for PHILIP LINDAHL and his positions of Environmental Control Officer and Code Enforcement Officer.

4. *** [A]s to the issue of Compensatory Time raised by PHILIP LINDAHL's Complaint and Amended Complaint, PHILIP LINDAHL *** [was probably] entitled to compensatory time, hour-for-hour, but was not entitled to any compensatory pay for the years 1972 through 1985 ***.

5. *** [T]his affidavit is made on affiant's personal knowledge, and if sworn as a witness, I can and will testify to the facts herein above stated."

In the second affidavits submitted by Mr. Peters and Mr. Bleitz, respectively, the affiants made the following identical statement:

"2. *** [F]or the years 1972 through 1975, the City of Des Plaines had no account entitled "Contingency Account" or "Interfund Account" but did have an account called "Salary Adjustment Account." This account was used for the limited purpose of paying yearly salary step adjustments; and/or cost of living adjustments. This account was authorized for no other purpose and it has been used for no other purpose and it has been used for no other purpose for the years 1972 through 1985.

3. No other appropriation account existed for the purpose of paying compensatory pay to the position of Environmental Control Officer or Code Enforcement Officer, or specifically for PHILIP LINDAHL for the years 1972 through 1985.

4. *** [T]his affidavit is made on affiant's personal knowledge and, if sworn as a witness, I can and will testify competently to the facts hereinabove stated."

On August 18, 1988, the trial court granted defendant's motion to dismiss, stating that it was based "specifically [upon] the provisions of chapter 24, section 3—11—17 of the Illinois Revised Statute." The trial court also ruled with respect to the claim based upon section 3—11—17 that there was no evidence in the record of "any legal action taken by the City, through its corporate officers, that would support [the] alleged contract which the plaintiff claims [exists] in this case." Finally, the trial judge stated that one "can't have a contract with a municipality for the payment of money unless [there is an authorization by ordinance]." The court then gave plaintiff 30 days to file a motion to reconsider.

Plaintiff filed a motion to reconsider on September 20, 1988. Plaintiff filed a brief in support of his motion to reconsider citing

*Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, on December 9, 1988. Defendant thereafter filed a memorandum in opposition to plaintiff's motion to reconsider. The court denied plaintiff's motion to reconsider on March 29, 1989. This appeal followed.

## OPINION

### I

Defendant first contends that plaintiff's brief should be stricken because plaintiff's brief fails to establish jurisdiction over this case pursuant to Illinois Supreme Court Rule 341(e)(4) (134 Ill. 2d R. 341(e)(4)). Defendant maintains that plaintiff failed to include a section entitled "Jurisdiction" and a statement of the jurisdictional basis of this appeal. Plaintiff, in reliance upon Illinois Supreme Court Rule 301, counterargues that his brief should not be stricken. 134 Ill. 2d R. 301.

Illinois Supreme Court Rule 341(e)(4) reads as follows:

"(e) The appellant's brief shall contain the following parts in the order named:

\* \* \*

(4) \* \* \*

(i) In a case appealed \* \* \* as a matter of right from the Appellate Court, a brief statement under the heading 'Jurisdiction' of the jurisdictional grounds for the appeal \* \* \*." 134 Ill. 2d R. 341(e)(4)(i).

Illinois Supreme Court Rule 301 reads, in pertinent part, as follows:

"Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." 134 Ill. 2d R. 301.

■ We find that plaintiff's brief should not be stricken. Rather than setting forth a brief statement of the basis for this appeal under the heading "Jurisdiction," plaintiff set forth a brief statement of the basis for this appeal under the heading "Nature of the Action." Under this heading, plaintiff wrote the following statement: "Appeal from a Final Order of Dismissal pursuant to Section 2—619 of the Illinois Civil Practice Act dismissing employment contract claims against Plaintiff's former employer, the Defendant, CITY OF DES PLAINES." Appeals from final orders of dismissal are the proper basis for an appeal to the appellate court of Illinois pursuant to Rule 301. (134 Ill. 2d R. 301.) Therefore, plaintiff's error was one of form and not of substance.

Plaintiff has asked this court for permission to correct this error. Plaintiff petitions this court *instanter* for leave to amend his brief to include the following language:

"JURISDICTION

This is an appeal from a Final Order of Dismissal pursuant to Section 2—619 of the Illinois Civil Practice Act dismissing employment contract claims against Plaintiff's former employer, the Defendant CITY OF DES PLAINES."

Accordingly, we grant plaintiff leave to amend his brief.

## II

We now turn our attention to plaintiff's claim that the trial court improperly dismissed this case and that his recovery is permitted under section 3—11—17 of the Municipal Code. (Ill. Rev. Stat. 1987, ch. 24, par. 3—11—17.) Plaintiff also relies upon *Westbrook v. Middlecoff* (1901), 99 Ill. App. 327, *County of Coles v. Goehring* (1904), 209 Ill. 142, *McGovern v. City of Chicago* (1917), 281 Ill. 264, *Great Lakes Dredge & Dock Co. v. City of Chicago* (1933), 353 Ill. 614, *Allen v. Treat* (1966), 72 Ill. App. 2d 466, and *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362.

Defendant maintains that the trial court properly granted its motion to dismiss pursuant to section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) because a municipal employee is not entitled to any compensation or benefits absent an express authorization and appropriation by an ordinance approved by a majority vote of the city counsel pursuant to the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 3—11—17). Defendant also relies upon *May v. City of Chicago* (1906), 222 Ill. 595, *Gathemann v. City of Chicago* (1914), 263 Ill. 292, *Selby v. Village of Winfield* (1929), 255 Ill. App. 67, *Harry Goldstine Realty Co. v. City of Chicago* (1940), 306 Ill. App. 556, *Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, *Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, and *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361.

■ Municipalities derive their governmental authority from the Constitution and statutes of the State of Illinois. The Municipal Code provides as follows:

"The corporate authorities of each municipality may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to municipalities ***." Ill. Rev. Stat. 1987, ch. 24, par. 1—2—1.

The Municipal Code requires that an appropriation be made by the municipal corporate authorities before the municipality may enter into a contract with another party. Section 8—1—7, in relevant part, provides as follows:

> "[N]o contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." (Ill. Rev. Stat. 1987, ch. 24, par. 8—1—7.)

(See also *Selby v. Village of Winfield* (1929), 255 Ill. App. 67, 73; *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 368.) The Municipal Code further provides that all expenditures must be approved by the city council. The Code states:

> "The passage of all ordinances for whatever purpose, and of any resolution or motion (1) to create any liability against a city or (2) for the expenditure or appropriation of its money, shall require the concurrence of a majority of all members then holding office on the city council, including the mayor, unless otherwise expressly provided by this Code or any other act governing the passage of any ordinance, resolution, or motion ***." Ill. Rev. Stat. 1987, ch. 24, par. 3—11—17.

In addition, this court has found that "any contract made without a prior appropriation is null and void." (*Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 508.) A municipality cannot be obligated to honor an "alleged implied contract which is *ultra vires, contrary to statutes or charter provisions*, or contrary to public policy." (Emphasis in original.) *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 366.

The Illinois Supreme Court has held that persons dealing with a municipal corporation are "charged with the knowledge of the limitations of the power of that corporation for any contract attempted to be entered into by any of its officials." (*May v. City of Chicago* (1906), 222 Ill. 595, 599-600.) "Everyone is presumed to know the ex-

tent of the powers of a municipal corporation \*\*\*." *Selby v. Village of Winfield* (1929), 255 Ill. App. 67, 77.

The Illinois Supreme Court has decided several cases which are analogous to the case at bar. For example, in the case of *May v. City of Chicago* (1906), 222 Ill. 595, plaintiff, a salaried municipal employee, sought "overtime" compensation for additional work. The Illinois Supreme Court held that "[p]laintiff was a regular employee of a municipal corporation at a regular salary, and he is bound to perform the duties of his office for the compensation fixed, even though additional duties are imposed upon him." (*May*, 222 Ill. at 599.) The supreme court held that plaintiff was not entitled to additional pay based upon *quantum meruit*, and that "[n]o appropriation having been made for this extra work of the plaintiff, it is impossible by any act of the city officials to create a liability against the city for the work." *May*, 222 Ill. at 599.

In the similar case of *Gathemann v. City of Chicago* (1914), 263 Ill. 292, our supreme court held that a municipal employee's compensation claim cannot be based upon any contract, implied or otherwise, and that the employee's compensation was limited to the amount appropriated by ordinance. In *Gathemann*, the plaintiff was a civil service employee whose position, salary, and time off were enumerated in a municipal ordinance. Mr. Gathemann was given a new position which, by ordinance, did not provide for compensation for "overtime" work. Although plaintiff's "overtime" reports were approved by the head of his department, and the chairman of the finance committee promised payment, the city refused to compensate plaintiff in excess of the salary authorized in the ordinance. In denying plaintiff's claim, our supreme court stated that "[t]he rule is settled that a person accepting a public office with a fixed salary must perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of those duties even though the salary may be inadequate. \*\*\* Whenever he considers the compensation inadequate he is at liberty to resign." *Gathemann*, 263 Ill. at 295-96.

Recently, in *Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, the Illinois Supreme Court denied plaintiffs, who were police officers, "step" and "longevity" salary increases because such compensation was not provided for in the city's appropriations ordinance. Plaintiffs based their right of recovery upon an implied in fact contract with the city, and equitable estoppel, citing their reliance upon the police superintendent's representations with respect to the salary increases. The court found that plaintiffs' claim

failed because no prior appropriation was made. *Chicago Patrolmen's Association*, 56 Ill. 2d at 507-08.

Plaintiff relies upon *Westbrook v. Middlecoff* (1901), 99 Ill. 327. We find that plaintiff's reliance upon *Westbrook* is inappropriate because *Westbrook* is older than, and contrary to, the more recent aforementioned precedent upon which we rely.

In addition, plaintiff relies upon *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362. We are not persuaded by this case. The court in *Eertmoed* found that a municipality may enter into enforceable employment contracts with sanitation workers even though there was no authorization for said contracts. This case is an aberration because it is contrary to the relevant provisions of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, pars. 1—2—1, 8—1—10, 3—11—17) and recent case law.

Furthermore, we find plaintiff's reliance upon *County of Coles v. Goehring* (1904), 209 Ill. 142, *McGovern v. City of Chicago* (1917), 281 Ill. 264, and *Great Lakes Dredge & Dock Co. v. City of Chicago* (1933), 353 Ill. 614, inappropriate. These three cases are distinguishable from the case at bar. *Goehring, McGovern,* and *Great Lakes Dredge & Dock Co.* all involve contractors that made bids for construction contracts and sought payment pursuant to those contracts. In addition, proper legislative appropriations were made for payment of the contractors in these cases.

In *Goehring*, Mr. Goehring brought an action of *assumpsit* against the County of Coles concerning a contract entered into between them in 1898 for the reconstruction and repair of the Coles County court house. The Coles County committee on grounds and buildings for the board of supervisors solicited bids for the repair work, and Mr. Goehring's bid was accepted. "In December, 1898, a resolution was adopted by the board *** for repairing the court house, *** and the county clerk directed to draw and deliver *** an order [to Goehring] ***." *Goehring*, 209 Ill. at 149.

The *McGovern* case also involved a contractor and his action to recover for payment for services rendered. M.H. McGovern, as assignee of the M.H. McGovern Company, brought an action of *assumpsit* to recover compensation for work and materials furnished pursuant to a written contract entered into between the city and the McGovern Company to repair asphalt pavement. The McGovern Company made a bid for the construction work, and the mayor and the superintendent of streets accepted the bid. An appropriation bill was adopted in February of 1908 for the repair of streets. "It was clearly the intention of the city council, in the appropriation ordinance of

February 21, 1908, to appropriate the license fees collected to the repair of streets, and this was what the statute provided should be done with such fees." *McGovern*, 281 Ill. at 279.

Similarly, in *Great Lakes Dredge & Dock Co. v. City of Chicago* (1933), 353 Ill. 614, the plaintiff, Great Lakes Dredge Co., brought an action in *assumpsit* to recover a sum for materials and labor furnished which were found necessary to aid in the completion of the contract between plaintiff and the City of Chicago for the straightening of the south branch of the Chicago River. In July of 1926, the City of Chicago adopted an ordinance for straightening the south branch of the Chicago River. The ordinance authorized the commissioner of public works to enter into contracts necessary to carry out the ordinance. The commissioner of public works entered into a contract with plaintiff pursuant to the ordinance. The ordinance constituted an appropriation for payment of plaintiff.

*McGovern*, *Goehring*, and *Great Lakes Dredge & Dock Co.* are distinguishable from the case at bar because defendants in those cases made legislative appropriations to pay the plaintiffs. In the instant case, defendant made no appropriation for "overtime" pay for plaintiff.

Plaintiff's reliance upon these three cases is also inappropriate because construction contracts between a municipality and a contractor are unique and distinct from employment contracts between a municipal entity and a salaried employee. Construction contracts are unique because construction work is uncertain in that after the parties involved have agreed upon a price for the construction work, costs may escalate during construction and the contractor may encounter unforeseen circumstances which make the performance of the construction project more costly. (See, *e.g., McGovern v. City of Chicago* (1917), 281 Ill. 264, 275-76; *Great Lakes Dredge & Dock Co. v. City of Chicago* (1933), 353 Ill. 614, 619-20.) Plaintiff in the instant case was a salaried employee. Therefore, it is more appropriate for this court to rely upon available precedent involving employment contracts rather than cases involving construction contracts.

Finally, we find plaintiff's reliance upon *Allen v. Treat* (1966), 72 Ill. App. 2d 466, inappropriate. *Allen* is a case involving a maintenance contract. We do not find this case persuasive because the court based its finding upon *Great Lakes Dredge & Dock Co. v. City of Chicago* (1933), 353 Ill. 614, which involved a construction contract. *Allen v. Treat* (1966), 72 Ill. App. 2d 466, 477.

■ The contention of appellant that he is entitled to additional compensation cannot be sustained. Plaintiff bears the burden of

showing that he is entitled to additional compensation because a relevant appropriation was made. (*Harry Goldstine Realty Co. v. City of Chicago* (1940), 306 Ill. App. 556, 561.) Plaintiff has failed to meet this burden. The record reveals that defendant made no appropriation for additional compensation pay for plaintiff's "overtime" work. While plaintiff was employed, the City of Des Plaines ordinances and budget appropriations provided that plaintiff was a civil service employee who was paid a yearly salary. Plaintiff's normal work week was 37.5 hours. Any time worked in excess of the 37.5 hours was considered "compensatory" or "overtime." However, plaintiff was not eligible for "overtime" compensation based upon his job classification. Plaintiff could be given time off, when conditions permitted, at the discretion of the head of his department. However, there was no provision or authorization for the City of Des Plaines to pay plaintiff for his compensatory time.

Under the circumstances in the instant case, Illinois case law makes it clear that plaintiff is not entitled to receive compensation pay for his "overtime." Plaintiff's agreement with his supervisor whereby he was to obtain payment for his "overtime" is null and void. (*Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 508.) No liability may be imposed upon defendant because defendant cannot be held liable for an implied contract which is contrary to statutory provisions. (*South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 366; see also *May v. City of Chicago* (1906), 222 Ill. 595, 599.) Plaintiff, upon dealing with defendant, was presumed to have known of the limitations of defendant's liability for any contract which its officials attempted to enter into with plaintiff. (*May*, 222 Ill. at 599; *Selby v. Village of Winfield* (1929), 255 Ill. App. 67, 77.) Plaintiff was bound to perform his duties for fixed compensation even if additional duties were later imposed upon him. *May*, 222 Ill. at 599; *Gathemann v. City of Chicago* (1914), 263 Ill. 292, 295-96.

We find that plaintiff's recovery is barred by section 3—11—17 of the Municipal Code. (Ill. Rev. Stat. 1987, ch. 24, par. 3—11—17.) A municipal employee is not entitled to additional compensation or benefits absent an express authorization and appropriation by an ordinance.

## III

Defendant contends that plaintiff has failed to meet his burden of pleading estoppel. Defendant relies upon *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, *Rose v. Rosewell* (1987), 163 Ill. App. 3d

646, and *Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927. Plaintiff maintains that he has met his burden of pleading estoppel because documents provided by the defendant clearly illustrate that defendant appropriated funds for the employment of plaintiff. Plaintiff fails to cite any authority in support of his position.

■ The doctrine of equitable estoppel is a doctrine by which "a person may be precluded by his act or conduct *** from asserting a right which he otherwise would have." (Black's Law Dictionary 483 (5th ed. 1979).) "Estoppel will generally arise where a party by his statements or conduct leads another to do something [that] he would not have done but for the statements or conduct of the other, and where the one guilty of the expressions or conduct should not be allowed to deny his utterances or acts to the loss of the innocent party." *Bank of Pawnee*, 166 Ill. App. 3d at 938.

■ "While the doctrine of [equitable] estoppel has been [applied] to municipal corporations [citation], a finding of estoppel against a public body is not favored [citation]." (*Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 938; see also *Rose v. Rosewell* (1987), 163 Ill. App. 3d 646, 651.) Equitable estoppel should not be invoked against a public entity "except 'under compelling circumstances,' where to do so would not defeat the operation of public policy." *Bank of Pawnee*, 166 Ill. App. 3d at 939, quoting *People ex rel. Brown v. State Troopers Lodge No. 41* (1972), 7 Ill. App. 3d 98, 105.

The doctrine of equitable estoppel may be invoked against a municipality if two prerequisites are met: "(1) an affirmative act on the part of the municipality; and (2) the inducement of substantial reliance by the affirmative act." (*Bank of Pawnee*, 166 Ill. App. 3d at 939; see also *Rose*, 163 Ill. App. 3d at 651.) Although fraud is not a requisite element of equitable estoppel, "it is [also] essential [that] there be fraudulent intent on the part of the party against whom estoppel is sought." *Bank of Pawnee*, 166 Ill. App. 3d at 939.

The affirmative act which induces plaintiff's reliance must be "[an] act[] of the municipality itself, such as legislation, rather than the unauthorized acts of a ministerial officer. [Citation.] Normally, a city or village cannot be estopped by an act of its agent beyond the authority expressly conferred upon that official, or made in derogation of a statute." *Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 939; see also *Rose v. Rosewell* (1987), 163 Ill. App. 3d 646, 651.

This court has previously held that a municipality cannot be estopped by an act of its agent beyond the authority specifically conferred on the agent. (*Bank of Pawnee*, 166 Ill. App. 3d at 939.) Moreover, "a contract made in violation of section 8—1—7 is void *ab*

*initio* and cannot be enforced by estoppel or ratification." (*Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 291.) Section 8—1—7 of the Municipal Code provides, in relevant part, that "no contract shall be made by the corporate authorities *** unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality." Ill. Rev. Stat. 1987, ch. 24, par. 8—1—7(a).

██ We find that the circumstances of this case are not substantially compelling as to warrant the application of estoppel against defendant. In the case at bar, plaintiff is seeking to estop defendant from maintaining that the agreement between plaintiff and his supervisor is unenforceable. Defendant may be classified as a public body. The City of Des Plaines is "but a creature of the State and may exercise only those powers that the legislature [has] expressly or impliedly delegated." (*Rose v. Rosewell* (1987), 163 Ill. App. 3d 646, 651.) Therefore, estoppel may be applied against defendant if defendant performed an affirmative act that plaintiff substantially relied upon and the act in question induced plaintiff's cause of action. *Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 939; *Rose*, 163 Ill. App. 3d at 651.

In the instant case, the doctrine of estoppel may not be invoked against defendant for two reasons. First, the representations of plaintiff's supervisor were not acts of the City of Des Plaines itself. These representations were acts of defendant's agent, who exercised no control over the city payroll. (*Rose*, 163 Ill. App. 3d at 651.) Second, plaintiff did not detrimentally rely upon his supervisor's representations because knowledge of the limitations of defendant's liability with respect to any contract which its officials attempt to enter into was imputed to plaintiff. (*Bank of Pawnee*, 166 Ill. App. 3d at 940; *Selby v. Village of Winfield* (1929), 255 Ill. App. 67, 77; *May v. City of Chicago* (1906), 222 Ill. 595, 599.) Furthermore, plaintiff has not presented any evidence of fraudulent intent on the part of defendant.

In addition, a municipality cannot be estopped by an act of its agent beyond the authority specifically conferred on the agent. (*Bank of Pawnee v. Joslin* (1988), 166 Ill. App. 3d 927, 939.) Nothing in the record indicates that plaintiff's supervisor was granted the authority to enter into a contract with plaintiff to compensate plaintiff with "overtime" pay.

Furthermore, we have noted that contracts made in violation of section 8—1—7 are void *ab initio* and unenforceable pursuant to the

doctrine of estoppel. (*Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 291.) The contract in the instant case was void *ab initio* because a contract was made while no appropriation was previously made for that contract or expense. See *Ligenza*, 133 Ill. App. 3d at 291; Ill. Rev. Stat. 1987, ch. 24, par. 8—1—7.

Accordingly, we rule that plaintiff has failed to meet his burden of proving estoppel. We therefore rule that defendant was not estopped to deny the enforceability of the contract.

## IV

Finally, plaintiff contends that defendant's affidavits do not provide a basis for dismissal pursuant to Illinois Supreme Court Rule 191 (134 Ill. 2d R. 191) and the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Plaintiff also alleges that defendant's motion to dismiss utilized defendant's affidavits to establish an affirmative defense while plaintiff was not afforded the opportunity to obtain depositions from the affiants, or an evidentiary hearing in which it is incumbent upon the municipality being sued to prove affirmative defenses. Plaintiff relies upon *Woods v. Village of La-Grange Park* (1936), 287 Ill. App. 201, *James Anderson Co. v. City of Highland Park* (1934), 276 Ill. App. 327, *Kelly v. Chicago Park District* (1950), 341 Ill. App. 37, and *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362.

Defendant maintains that there was a sufficient basis for dismissing plaintiff's complaint because he failed to cite an ordinance approving his alleged oral contract, and defendant clearly showed that the relevant ordinances barred compensation for plaintiff's overtime work. Defendant relies upon Supreme Court Rule 191 (134 Ill. 2d R. 191), section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), and *Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286.

The Code of Civil Procedure makes the following provision:

"(a) Defendant may, within the time for pleading, file a motion for dismissal *** upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim.

\* \* \*

(c) If, upon the hearing of the motion, the opposite party

presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." Ill. Rev. Stat. 1987, ch. 110, pars. 2—619(a)(9), (c).

Supreme Court Rule 191 provides in pertinent part:

"Affidavits *** submitted in connection with a motion for involuntary dismissal under section 2—619 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 134 Ill. 2d R. 191(a).

In the instant case, plaintiff contends that the affidavit of Ms. Donna McAllister filed in response to his original complaint does not address the allegations in his first amended complaint. Plaintiff also contends that defendant fails to prove that plaintiff is barred from recovery based upon the contents of the affidavit.

We find that there was a sufficient basis for dismissing plaintiff's complaint because he failed to cite an ordinance approving his alleged oral contract. Defendant's motion to dismiss was properly granted pursuant to section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) because plaintiff's claim was barred by sections 3—11—17 and 8—1—7 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, pars. 3—11—17, 8—1—7). Therefore, plaintiff's claim was "barred by other affirmative matter avoiding the legal effect of or defeating the claim." Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).

Section 2—619(a) permits the use of affidavits. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a).) The affidavits filed on March 25, 1988, complied with Supreme Court Rule 191. (134 Ill. 2d R. 191.) First, the affidavits were based upon the personal knowledge of the affiants. It is sufficient that "the affidavit[s] here expressly state[ ] that the affiant[s] had personal knowledge of the allegations contained in

the motion to dismiss, and that if called as a witness, [each] affiant could competently testify to the matters asserted therein." (*Downers Grove Associates v. Red Robin International, Inc.* (1986), 151 Ill. App. 3d 310, 317.) In addition, the affidavits set forth with particularity the basis of defendant's defense, *i.e.*, that no appropriation or other approved compensation pay for plaintiff's "overtime" work. Furthermore, these affidavits did not cite any inadmissible conclusions of law and fact. Finally, defendant submitted certified copies of all material including ordinances and budget appropriations.

■ We also find that the trial court properly dismissed this case because courts must accept an affidavit as true if it is uncontradicted by a counteraffidavit or other evidentiary materials. "When facts within an affidavit are not contradicted by counteraffidavit, they must be taken as true notwithstanding the existence of contrary unsupported allegations in the adverse party's pleadings." (*Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 293.) Defendant's affidavits regarding the lack of appropriation for overtime pay are uncontradicted by plaintiff, because plaintiff did not tender evidence or a counteraffidavit alleging that there was an appropriation or ordinance authorizing compensation pay for plaintiff's "overtime" work.

With respect to plaintiff's allegation that the affidavit of Ms. McAllister filed on June 29, 1987, failed to address the allegations in his first amended complaint, we find that Ms. McAllister's affidavit complied with Supreme Court Rule 191 (134 Ill. 2d R. 191) because plaintiff's initial complaint made general allegations that a contract with defendant existed. The initial affidavit of Ms. McAllister simply countered plaintiff's general allegations. Plaintiff's complaint was not specific; therefore, Ms. McAllister's affidavit is not required to be more specific.

■ Finally, plaintiff, in reliance upon *Woods v. Village of La-Grange Park* (1936), 287 Ill. App. 201, and *Kelly v. Chicago Park District* (1950), 341 Ill. App. 37, has alleged that defendant's affidavits constituted an affirmative defense, and that the trial court improperly failed to allow plaintiff the benefit of obtaining depositions from the affiants, or an evidentiary hearing.

We find plaintiff's reliance upon these cases inappropriate. Plaintiff cites *Woods* as a case in which this court ruled that defendant's affidavits were used to establish an affirmative defense to plaintiff's actions, and that it is incumbent upon a municipality being sued to prove the affirmative defense. In fact, the court's ruling was limited to the issue of judicial notice of the content of an affirmative de-

fense. The court ruled that before judicial notice could be taken of an affirmative defense, the subject matter of the affirmative defense must be properly presented to the court. *Woods*, 287 Ill. App. at 210.

However, plaintiff's reliance upon *Woods* is inappropriate for a more fundamental reason, the reason being that *Woods* was ruled upon by this court twice. The appellate court of Illinois rendered a second *Woods* decision known as *Woods v. Village of LaGrange Park* (1939), 298 Ill. App. 595. Plaintiff fails to note the existence of the latter case, which modifies the aforementioned law upon which plaintiff relies. (*Woods*, 298 Ill. App. at 616.) We believe that it would have been more appropriate for plaintiff to rely upon or at least cite to the latter decision.

Furthermore, plaintiff relied upon *Kelly v. Chicago Park District* (1950), 341 Ill. App. 37, which was later reversed by the Illinois Supreme Court in *Kelly v. Chicago Park District* (1951), 409 Ill. 91.

Finally, the facts do not substantiate plaintiff's contention. The record shows that defendant did not preclude plaintiff from conducting discovery. The trial court granted leave to plaintiff to interview employees of the City of Des Plaines and to review any existing documents, and defendant agreed. Plaintiff chose not to do so and, therefore, cannot claim to have been denied the right to discovery.

We, therefore, find that the affidavits conformed to the requirements of Rule 191 (134 Ill. 2d R. 191(a)) and that the trial court properly relied upon the affidavits in considering the merits of defendant's motion to dismiss. Accordingly, we find that there was a sufficient basis for dismissing plaintiff's complaint.

For the aforementioned reasons, we affirm the trial court's decision.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.